Mr. Justice GRIER,
 

 after giving the statement of the case which is prefixed to this report, proceeded to deliver the opinion of the court.
 

 The first and only question necessary- to be decided in the present case is, whether this court has jurisdiction.
 

 .To bring a casé for a writ, of error or an appeal from the highest court of a- State, within the twenty-fifth section of the Judiciary Act, it must appear on the face of thé record, — 1. That some of the questions stated- in that section did arise in the State court ; and, 2. That the question was decided in the State court, as required in the section.
 

 It is not enough, that the record shows that “ the plaintiff in error contended and claimed” that the judgment of the court impaired the obligation of a contract, and violated the provisions of the constitution of the United States, and £C that this.claim was overruled by the.court”'; but it must appear, by clear and necessary intendment; that the question must have been raised, and must have been decided^ in order to induce' the judgment. Let us inquire,.then, whether it appears on the face of this record, that the validity of a statute of Ohio, “ on thé ground of % repugnancy to the constitution or laws of the United States,” was drawn in. question in this case*
 

 . The Commercial Bank of Cincinnati was incorporated by an act of the legislature of Ohio, passed on the 11th of February, 1829, which provided, that, in case that the bank should at any time sus
 
 *342
 
 pend payment, and refuse or delay to pay in gold or silver any note or bill on demand, it should be “liable to pay, as additional damages, to the holder of such notes twelve per cent, per anmim on the amount thereof, for the time during which such payment shall be refused or delayed.” By a previous act of 24 th of January, 1824, all banks had been declared liable to pay six per cent, interest on their notes, when they had refused payment on demand, from the time of such demand or refusal, “ or from the time that such bank or banker shall have ceased or refused to redeem his notes with good and lawful money of the United States.” The only question which arose on the trial of-the - case was, whether the bank was liable to pay the twelve per cent, in addition to the interest of six per cent, given by the act of 1824, or only the twelve per cent, imposed by the act of incorporation.
 

 Did the .decision of this point draw in question the validity of either of these statutes, on the'ground of repugnancy to the constitution of the United States ? Or was the court merely called upon to decide on their construction ?
 

 • We are of opinion that there can be but one answer to these questions, and but few: words necessary to demonstrate its correctness.
 

 It is too plain for argument,- that, if the act of incorporation had stated, in cleat ahd distinct terms,* that the bank should be liable, in case' of refusal to pay its notes, to pay twelve per cent, damages in addition to the interest of six per cent, imposed by the act of 1824, the validity of neither of the statutes could be questioned, on account of repugnancy to the constitution. But the allegation of the plaintiffs’ counsel is, that the statute of 1824 was. not intended by the .legislature to apply to their charter, and that the court erred in their construction of it; and therefore made it unconstitutional by their misconstruction. A most strange conclusion from such premises.
 

 But grant that the decision of that court could have this effect; it would not make a case for the jurisdiction of this court, whose aid can be invoked only where an act alleged to be repugnant to the constitution of the United States has been decided by the' State court to be valid, and not where an act admitted to be.valid has been misconstrued by the court. For it is conceded that the act of 1824 is valid and constitutional, whether it applies to the plaintiffs’ charter or not; and if so, it follows, as a necessary consequence, that the question submitted to the court and decided by them was one of construction, and not of validity. ' They weré called upon to decide what was the true construction of the act of 1829, ánd what was the meaning of.the phrase “ additional'damages,” as there used, and not to. declare the act of 1824 unconstitutional. If this court were to assume jurisdiction of this case, it is evident' that the question submitted for our decision-would be,, not whether the statutes of •Ohio are repugnant to the constitution of the United States^ but
 
 *343
 
 whether the Supreme Court of Ohio has erred in its construction of them. It is the peculiar province and privilege of the State courts to construe their own statutes ; and it is no part of the functions of this court to review their decisions, or assume jurisdiction over them on the pretence that their judgments have'impaired the obligation of contracts. The power delegated to us is for the restraint of unconstitutional legislation by. the States, and not for the-correction of alleged errors committed by their, judiciary.
 

 We are of opinion, therefore, that this case must be dismissed for want of jurisdiction.
 

 Order.
 

 This cause came on to be heard on the transcript of the record •from the Supreme Court of the State of Ohio, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this cause be and the same is hereby dismissed, for the want of jurisdiction.