JAMES WHITE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Under the Code (sections 4507, 4508,) only public officers, either *de jure* or *de facto*, can be convicted of extortion.

2. For an officer having in his hands a warrant for assault and battery, to receive money which is voluntarily offered and paid by the defendant, is not extortion, if the money is received in good faith to be used in settling the prosecution and not for the officer's own use.   Whatever offense the transaction may amount to, it is not extortion.

3. That the officer said the warrant was for assault and battery, is not irrelevant, and may be proved against him, as part of the *res gestæ*, without producing the warrant.

4. In order to throw light upon the question of guilty intention, the officer's experience and acquaintance with his duties may be shown ; and for this purpose, though it be alleged that he was a special constable, it may be proved that he had frequently before been sent by the magistrate to make arrests.   And parol evidence to that effect is not secondary.

5. The judge may propound a leading question to a witness introduced by the state.

6. It is error to charge, "Under the evidence for the defense, he is guilty."

7. It is error to charge, "If you disbelieve all the evidence for the state, and believe every word of evidence for the defense, I charge you the prisoner is guilty, but of course you can look to all the evidence and make up your verdict on it."

Criminal law.     Extortion.     Officers.     *Res gestæ.*     Evidence.     Witness.     Charge of court.     Before Judge TOMPKINS.     Chatham Superior Court.     May Term, 1875.

An indictment was found against White for the offense of extortion, whilst acting as a special constable, in the execution of a warrant for assault and battery against one William Sheppard.   He pleaded not guilty.

The evidence for the prosecution showed that the defendant stated to Sheppard that he had a warrant for him; that thereupon the latter asked if the case could be settled and how much it would take; that defendant replied it could be settled for $10 00; that on the succeeding day one Henry Haas paid to defendant $10 00; that defendant stated to Sheppard that he would have to give bond for his appearance; that he went to the office of the justice of the peace

for that purpose and gave the bond; that defendant acts as constable for the justice.

The evidence for the defense was, in substance, as follows:

Isaac Russell, justice of the peace, sworn: Issued the warrant against Sheppard and swore in A. Fredericks as a special constable; told him to take defendant to aid in making the arrest. Subsequently defendant and Sheppard came to his office. The former stated that he had received $10 00 for the purpose of settling the case. Told him that it could not be done without the consent of prosecutrix and the payment of all costs, and that $10 00 was not sufficient. Witness instructed defendant to return the $10 00. A few moments after this, in the presence of Sheppard, defendant told witness that he had returned the money. Sheppard then wanted to know if the case could be settled. Replied that under instructions from the judge of the city court and the solicitor general, witness was authorized, upon the consent of the prosecutrix and the payment of all costs, to settle misdemeanors. He then asked if he could go to an attorney's office to have a bond for his appearance at a court of inquiry drawn, so that, in the meantime, the consent of the prosecutrix to the proposed settlement could be obtained. Witness permitted him to go and the bond was executed, Haas signing it. On the day of the examination the prosecutrix and Sheppard agreed to settle and pay the costs. Haas stated that he had given $10 00 to defendant to settle the case. Witness replied that defendant had received the $10 00 under the impression that the case could be settled, but upon being informed that this could only be effected by the consent of the prosecutrix and the payment of all costs, which were more than $10 00, he had, under instructions from witness, returned the money to Sheppard. Defendant was not sworn in to execute this warrant. Fredericks was. Did not see defendant return the $10 00, but in the presence of Sheppard he stated that he had returned it and Sheppard did not deny it. Has frequently sworn in defendant in cases of emergency.

William Whitfield testified that he was present at the con-

versation between defendant and Russell, justice of the peace. That he saw defendant give Sheppard the $10 00.

William Hall testified that he went to Russell's office to give bond for Sheppard, and was informed that the money had been returned and that Sheppard had gone to an attorney to have his bond drawn.

R. Wayne Russell testified that he drew the bond; that Sheppard came to his office with defendant; that he charged him $10 00; that defendant wished him, if necessary, to defend him in the city court; that he told him he would have to pay an additional fee; that he replied he had only $10 00 which he had borrowed from Haas; that he was positive Sheppard paid him the $10 00; that the latter pleaded guilty to assault and battery in the city court.

In rebuttal, Sheppard testified that defendant did not return the $10 00, and that he did not pay it to R. Wayne Russell.

Haas testified that he demanded the $10 00 from defendant, who refused to return it, saying it had been paid to R. Wayne Russell for drawing the bond.

The statement of the defendant presented, in substance, the case made by his witnesses.

The jury found the defendant guilty. A motion for a new trial was made on the following grounds, to-wit:

1st. Because the verdict was without evidence to support it and contrary to law.

2d. Because the court, upon its own motion, asked the witness, Haas, the following question: "Did the prisoner come to you as a public officer and ask for costs?" the defendant objecting thereto upon the ground that it was leading.

3d. Because the court, upon its own motion, asked the witness, William Sheppard, the following questions: "Did he tell you who had you arrested?" "Did he tell you what the warrant was for?" To which the witness answered, "Did not say who had me arrested, but did say that the warrant was for assault and battery." To this question the defendant objected, because it was leading and the answer necessarily secondary evidence.

4th. Because the court permitted the solicitor general to propound the following question to the witness, Isaac Russell: "Have you not frequently sent the defendant out to make arrests?" This question was objected to upon the ground that as the defendant was alleged to have been a special constable the question was irrelevant and the answer secondary.

5th. Because the court refused to give the following charges to the jury :

"1st. If the thing alleged to have been taken was given voluntarily, then it was not unlawful.

"2d. If the $10 00, which it is alleged was extracted from William Sheppard, was voluntarily paid by Henry Haas to the defendant for and on account of Sheppard, then the defendant is not guilty of extortion.

"3d. Extortion only proceeds from a corrupt heart."

6th. Because the court charged the jury as follows: "If you disbelieve all the evidence for the state, and believe every word of evidence for the defense, I charge you that the defendant is guilty. But of course you can look to all the evidence and make up your verdict on it. It is unlawful for a constable to make a settlement; if he took the $10 00 saying that he would settle the case for such payment, it was unlawful, no matter where the proposition for a settlement came from. If he took the money it was unlawful as he had no right to settle cases between parties. Under the evidence for the defense he is guilty."

The motion was overruled and the defendant excepted.

MELDRIM & ADAMS, by G. A. HOWELL, for plaintiff in error.

A. R. LAMAR, solicitor general, by W. G. CHARLTON, for the state.

BLECKLEY, Judge.

1. The head-notes rule the law of this case, as we understand it. If the defendant was an officer *de jure* or *de facto* he could commit extortion; but not if he was a mere guard

or constable's attendant. The test of whether he was an officer or not is, whether he was in a situation to make a legal arrest on that particular warrant in the absence and without the co-operation of Fredericks, the sworn special constable. That is a question partly of law and partly of fact; and the court should have so dealt with it.

2. Even if he was an officer, the transaction was not extortion if he took the money in good faith, without any claim to it, and with a *bona fide* purpose to use it in accordance with Sheppard's wish, in settling the prosecution. The reception of the money may have been improper for such a purpose, but even if it was criminal, the offense committed was not extortion. In demanding his own costs, or those which he is authorized by law to collect for other officers, the collecting officer (especially if negligent in the use of means to inform himself,) might not be excused by an honest mistake, for an excessive or illegal demand and collection; but to accept money as a sort of agent for the party voluntarily paying it, and agreeing to use it in settling a pending or threatened prosecution, is quite another matter. In the one case there is an official claim of right; in the other, none. It is not, however, absolutely requisite that the element of costs should be in contemplation in order to constitute extortion. If a ministerial officer should use his authority, or any process of law in his hands, for the purpose of awing or seducing any person into paying him a bribe, that would, doubtless, be extortion. So, in the present case, if the money was taken as a bribe, and the defendant was an officer, he would be guilty. In this aspect of the matter, the purpose and good faith of the defendant are of the utmost importance. Was the transaction corrupt? or was it simply improper or technically illegal, as contravening the letter and policy of the law applicable to the open and honest settlement of prosecutions? Was it in fact a kind of agency on the part of the officer to use the money in some open way to get the prosecution settled, or was that a mere pretext—a bribe to the officer being at the bottom—and this pretext merely glossing it over?

3, 4, 5, 6, 7. The other points are left to stand upon the statement of them in the head-notes.

Judgment reversed.