203      492
36 SC 161

# Hart's Estate (No. 3).

*Trust and trustees—Accounts—Appeals—Review.*

The Supreme Court will not consider ten closely written pages of an account, containing over 1,000 items, about one half on the credit and one half on the debtor side of the account, to discover whether income and principal have been properly apportioned under a will, where the attention of the court has not been called to any particular erroneous charges in the account based on the construction of the will suggested by the appellant, and where no error is so manifest from an inspection of the account as to move the court to set aside the decree of the court below.

*Wills—Codicils—Unexecuted codicil.*

Where a testator has prepared and has approved a codicil, but dies before executing it, and his children, the four immediate beneficiaries under his will, sign and execute a writing that it is their wish that the codicil should be carried out as if it had been regularly executed, a son who sub-

sequently becomes the administrator of his sister who had signed the writing, cannot, as such administrator, deny the validity of the codicil in the Supreme Court, where it appears that he made no objection to it in the court below.

Argued March 26, 1902. Appeal, No. 389, Jan. T., 1901, by Charles Henry Hart, administrator c. t. a. of Rebecca C. Hart, deceased, from decree of O. C. Phila. Co., Oct. T., 1898, No. 552, dismissing exceptions to adjudication in estate of Samuel Hart, deceased. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in distributing the interest with which it surcharged the trustee to those entitled to income at the date of surcharge, and not to the parties entitled to income during the interest running period ; (2) in not distributing to appellant three eighths of the amount surcharged as interest accruing prior to February 26, 1898; (3) in holding that the agreement of parties as to the unexecuted codicil gave effect to that codicil as though executed.

*Frank P. Prichard* and *John G. Johnson*, for appellant.

*James Aylward Develin* and *Alexander Simpson, Jr.*, for appellee.

Opinion by Mr. Justice Dean, October 13, 1902:
A brief statement of the facts connected with the accounts of Charles Henry Hart under the will of his father, Samuel Hart, is given in the appeal of the executor from the decree of the orphans' court surcharging him with $10,000 Ætna Iron Company bonds, opinion handed down this day. This appeal raises another question, and that is, whether the distribution as shown by the schedule attached to the decree of the orphans' court is a correct distribution under a proper interpretation of testator's will.

The will directed that upon the death of his wife his estate should be divided into eight equal parts; his son Charles was

to have one eighth absolutely; one eighth to go to him in trust for his sister, Clarissa S. Chase, he to pay the net income and interest to her during her life, and then the principal to her children at her death. The remaining six eighths were bequeathed to his executor in trust, to pay the net income to his daughters, Sarah and Rebecca, so long as they should remain single; upon the marriage of either, then to the one so marrying, the net income of two of the remaining eighths during her life; and the net income of the four remaining eighths to the unmarried daughter during her life. In case both married, then of the six parts held in trust, the net income of one thereof was to be paid to Clarissa M. Chase, the daughter already married, during her life, and at her death the principal to her children in the same manner as the one eighth first bequeathed to her; one other of said six parts to go absolutely to the trustee, Charles Henry Hart; this left four eighths which would go equally, two eighths each to Sarah and Rebecca if both married, and in that event left an equal share or one fourth of his estate to each of his children; Sarah and Rebecca were, however, to have only the net income for life of their shares, and at death the principal was to go to their children; if either or both died without children, then one half the principal of the share of the one so dying to go to Charles Henry, their brother, absolutely, and the income of the other half to Clarissa S. Chase during life, and at her death, the principal to her children. By an unexecuted codicil to this will, not dated, but drawn and submitted to him by counsel before his death, testator made some changes in the eleventh clause as to the disposition of certain insurance policies on the life of Frederick Chase, specified in the will, and a surplus which would remain after payment of a debt due him from Frederick Chase, which last was first to be paid, was bequeathed to his daughter, Clarissa S. Chase; and for the better carrying out of his intention in this particular, he bequeathed the policies on the life of Frederick Chase directly to those named in the will as beneficiaries of the policies or having an interest therein. He further directs that his Montgomery county farm, which had not been particularly disposed of by the will should be divided into four equal parts and each of his four children should take by lot one of the parts.

Rebecca C. Hart died unmarried before distribution; Sarah

did not marry; it is argued, that in view of the death of Rebecca, the schedule of distribution is not in accord with a proper interpretation of the will, as respects the interest on the surcharge. We think the court below, as a basis for distribution of both principal and interest, was right in its construction of the will. Our attention has not been called to any particular erroneous charges in the schedule based on this construction; counsel do, however, point us to pages 93 to 103 of the appendix; but that is as far as they go, intending probably, that we shall take up ten closely written pages, containing over 1,000 items, about one half on the credit and one half on the debtor side of the account, to discover whether income and principal have been properly apportioned under the will. Therefore we do not sustain this assignment. While counsel say the error is too apparent to need argument or elaboration, it is not obvious to us from inspection of the schedule at least, nor so manifest as to move us to set aside the decree of the court below.

It is further urged, that no effect should be given to the codicil because it was not assented to as part of the will by all those interested. The objection is purely technical. As before noted, it was prepared by counsel from testator's instructions; he read and considered it, and said it was just as he desired; it was not immediately, formally executed, because he wanted the same two witnesses who had attested the will to also witness the codicil; one of them could not be had that day, in consequence the execution of it was deferred and testator died before signing it. A few days after his death on June 2, 1885, the four immediate beneficiaries, his children, all executed a writing agreeing, that it was their wish, that the provisions of the codicil should be carried out the same, as if it had been regularly executed by their father. The children of Mrs. Chase, who had a contingent interest, did not assent because of incapacity to act, for all were in their minority; but at the audit, all were of full age and were willing to testify, that they fully assented to the codicil, but the auditing judge did not think it necessary to hear them. This appellant who signed the written agreement, now, as administrator of his sister, denies the legality of the codicil. It was urged before the auditing judge, that as the codicil operated on real estate, to have effect, the agree-

ment must follow the statutory requirements; he held, that as all interested had either in writing or expressly assented, no other could effectively object, and, therefore, treated the codicil as part of the will of testator. A large number of exceptions were filed to the adjudication when it came up for hearing before the court; not one of them touches the judge's decision on the validity of the codicil; all parties there concurred in his judgment, therefore the court treated that question as settled. We will also so treat it; true we are not absolutely bound to affirm because no exception was filed in the court below; there may be a rare case, where from mistake of counsel, and to prevent gross injustice, we would hear the complaining party here. But this is no such case; manifest injustice would be done, and the expressed desire of the testator defeated, if the codicil were not enforced according to its terms. Therefore the decree of the court below in the matter raised by this appeal is affirmed and appeal dismissed.