# Commonwealth *v.* Wilson, Appellant (No. 1).

*Criminal law—Extortion—Public officers—Police captain—Bribery.*
A captain of police may be convicted of common-law extortion.

Extortion is an abuse of public justice which consists in an officer's unlawfully taking, by color of his office, from any man, any money or thing of value that is not due to him, or more than due, or before it is due.

An essential element of the offense of extortion is, that the fee or reward must be taken by the officer by color of his office, but this does not necessarily imply that it must be taken for an act or service which it is his duty, or he has discretionary power, to perform. It does imply, however, an exercise of official power possessed, as pretended to be possessed by the officer, or distinguished from an act which could have been performed by any other person.

Bribery on the part of an officer and extortion are not identical, but they are very closely allied; and whilst the former does not necessarily involve a pretense of official authority to do the act for which the bribe is given, yet, if such pretense is used to induce its payment, there is no reason to doubt that the taking of it is common-law extortion as well as bribery.

Where the conduct of a captain of police is tantamount to the assertion and use of his official authority as a cover for an act whereby he obtains a pecuniary reward to which he is not entitled, the officer may be convicted of extortion at common law.

Argued Oct. 9, 1905. Appeal, No. 66, April T., 1906, by defendant, from judgment of Q. S. Allegheny Co., March T., 1905, No. 608, on verdict of guilty in case of Commonwealth

v. James Wilson. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for extortion at common law. Before Mc-CLUNG, J.

The facts are stated in the opinion of the Superior Court.

Defendant presented the following points :

1. That even if the testimony of the commonwealth is believed the defendant is not guilty of extortion as alleged in the indictment. *Answer :* Refused. [1]

2. That under all the evidence in the case the verdict ought to be for the defendant. *Answer :* Refused. [2]

5. That where a person desiring to commit an illegal act or enter into an unlawful business voluntarily offers a police officer a sum of money to be permitted to do an illegal act or enter into such illegal business, even if the officer accepts such sum of money, his offense in such case is not extortion; and if the jury believe the facts to be as stated in this point, defendant cannot be convicted. *Answer :* This is true if the facts are just as stated in this point. But if the offer of money is not voluntary, but is induced by the fact that the person is given to understand that money or something of value must be given to secure the noninterference of the defendant, the case is entirely different and you may find extortion. There is no evidence here that this man demanded in terms money from this woman. But if you find that his conduct meant that— that he gave her to understand that—that she must give him money or in some way do a favor to him before he would assent to her request, then you may find him guilty as indicted. [3]

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1–3) above instructions, quoting them.

*John S. Ferguson,* with him *W. J. Brennen,* for appellant.— Fear such as will constitute extortion may be induced by a threat to do an unlawful injury to the person or property of the individual injured : People v. McLaughlin, 2 App. Div. 419 (37 N. Y. Supp. 1005).

Not a single one of these essentials exists in the present case.

*John Marron*, with him *R. E. Stewart*, district attorney, and *John C. Haymaker*, for appellee.

OPINION BY RICE, P. J., January 13, 1906 :

At the time the offense (extortion at common law) charged in the indictment is alleged to have been committed, the defendant was one of the two captains of police in the city of Allegheny. The lieutenants of police and patrolmen in the several wards of the city were his subordinates, and his immediate superior was the superintendent of police. There was evidence adduced at the trial from which a jury could find that Frances Foley, who had been keeping an assignation house in the city, on April 1, 1904, leased a house on the opposite side of the street, and was desirous of conducting it as a house of prostitution ; that she applied to the defendant, whom she had known before his induction into office, for permission to open the house, and he promised to call to see her about it, but failed to do so ; that she made several subsequent applications to him, but he put her off from time to time ; that finally she sought the intervention of one Mrs. Freshman, whose business was with the prostitutes of that section of the city, whose dwelling and place of business combined the defendant frequently visited, and who, according to her own testimony, was then enjoying protection in her business by reason of favorable intervention of the defendant, for which she had paid him ; that she complained to Mrs. Freshman that " all of the rest of the houses are opened and he wouldn't open mine," and at their second interview—this is the version of Frances Foley— Mrs. Freshman told her that if she would deposit $50.00 with her she would get the house opened or would return the money ; that a couple of days later she went to Mrs. Freshman to give her the money and there met the defendant, who said to her, " You look worried, little girl ; don't worry," and after he had departed she deposited with Mrs. Freshman $50.00 to be given to the defendant " if he would open her house ; " that prior to this meeting Mrs. Freshman told the defendant of the wish of Frances Foley " to get her house opened," and in reply the defendant said that he would see her again, and at this or some other interview between them concerning the matter asked whether the Foley woman had any money ; that

on the same day that the money was deposited with Mrs. Fresh-
man she informed the defendant of the fact, and he directed
her to keep it until he should see her again, and to tell Frances
Foley that he would see her in a day or so ; that in the evening
of that same day he called upon Frances Foley and told her
" the house was opened " and she could move over, and upon
her stating that she would not be ready for a day or two he re-
plied, " Well, whenever it suits you it suits me ; " that two or
three days afterward he told Mrs. Freshman he had " opened "
the house, whereupon she gave him the money which had been
deposited with her ; that from that time, which was in August,
1904, until March, 1905, when she was arrested under a war-
rant issued upon an information made by the county detect-
ive, she conducted the place as a house of prostitution without
molestation on the part of the defendant or his subordinates.

The defendant met these allegations, so far as they were in-
criminating, by a total denial, and by the legal proposition that
even assuming them to be true, his offense was not extortion,
although it might be common-law bribery.   In support of this
claim his counsel cite People v. McLaughlin, 2 App. Div. (N. Y.),
419, (37 N. Y. Supp. 1005) where it was held that " though
under the ordinances it was the duty of the defendant as cap-
tain of police and of the men under him to keep persons from
obstructing the sidewalks without a permit from the proper
department, a threat by him to do his duty unless a person
paid him money, followed by a failure to do his duty in con-
sideration of the receipt of money, would not be extortion but
bribery."   But that decision was based on the construction of
a New York statute, and would not necessarily control a case
governed by common-law principles.   Moreover, the threat un-
der which the bribe was paid in that case implied a denial by
the defendant of his official right to perform the act for which
it was given.   It is true, the evidence in the present case does
not show that the defendant made a specific demand for the
payment of money, or made any threat as to what he would do
if it was not paid.   But the evidence taken as a connected whole
fully warranted the court in submitting to the jury the ques-
tions, whether the defendant's conduct was intended, and had
the effect, to induce Frances Foley to believe, and to act on that
belief, that she must give him money, or reward him in some

way, in order to obtain the permission she requested. In view of the manner in which the case was submitted to the jury their verdict of guilty implies a finding of that fact.

The indictment charges the offense of extortion at common law, and in general it may be said that any officer, whether he be a federal, state, municipal or judicial officer, and that every person occupying an official or quasi official position may be guilty of this offense : Commonwealth v. Saulsbury, 152 Pa. 554. To extort, in the ordinary meaning of the word, is to obtain by violence, threats, compulsion or the subjection of another to some necessity; but at common law the offense denominated extortion does not necessarily involve actual duress of that sort: Commonwealth v. Brown, 23 Pa. Superior Ct. 470. The form of extortion most commonly dealt with in the decisions is the corrupt taking by a person in office of a fee for services which should be rendered gratuitously ; or when compensation is permissible, of a larger fee than the law justifies, or a fee not yet due ; but this is not a complete definition of the offense, by which I mean that it does not include every form of common-law extortion. " Extortion signifies in a strict sense the taking of money by any officer by color of his office either where none at all is due, or more than is due, or where it is not yet due :" 1 Hawkins' P. C. 418. Blackstone defines it to be " An abuse of public justice which consists in an officer's unlawfully taking, by color of his office, from any man, any money or thing of value that is not due to him, or more than is due, or before it is due : " 4 Bl. Com. 141. This definition without substantial change of phraseology has been adopted in the Pennsylvania decisions. An essential element of the offense is that the fee or reward must be taken by the officer by color of his office, but this does not necessarily imply that it must be taken for an act or service which it is his duty, or he has discretionary power, to perform. It does imply, however, an exercise of official power possessed, or pretended to be possessed, by the officer, as distinguished from an act which could have been performed by any other person. For example, it was held in a Georgia case that for an officer, having in his hands a warrant for assault and battery, to receive money which is voluntarily offered and paid by the defendant is not extortion, if the money is received in good faith to be used in set-

tling the prosecution and not for the officer's own use. But in the same case it was declared by the court : " It is not, however, absolutely requisite that the element of costs should be in contemplation in order to constitute extortion. If a ministerial officer should use his authority, or any process of law in his hands, for the purpose of awing or seducing any person into paying him a bribe, that would doubtless be extortion. So in the present case, if the money was taken as a bribe and defendant was an officer, he would be guilty : " White v. State, 56 Ga. 385. Bribery on the part of an officer and extortion are not identical, but they are very closely allied; and whilst the former does not necessarily involve a pretense of official authority to do the act for which the bribe is given, yet, if such pretense is used to induce its payment, we see no reason to doubt that the taking of it is common-law extortion as well as bribery. Color of office and right of office are not convertible terms. Amongst the judicially recognized definitions of the former are a pretense of official right to do an act made by one who has no such right; the use of official authority as a pretext or cover for the commission of some corrupt or vicious act ; an act wrongfully done by an officer under the pretended authority of his office : 7 Cyclopedia of Law and Procedure, 401. The defendant had no lawful authority to grant to Frances Foley the privilege she sought, and it is not claimed that he declared in so many words that he had such authority, but his conduct, if the testimony of the commonwealth's witnesses is to be believed, might well be found by a jury to be tantamount to the assertion and use of his official authority as a cover for his act, whereby he obtained a pecuniary reward to which he was not entitled. The fact that the office of the defendant is of statutory and modern origin and that no ancient precedent can be found of the conviction of such officer of the offense of extortion upon a precisely similar state of facts, is not sufficient, of itself, to sustain the conclusion that it is not extortion at common law. The cases are numerous where this general doctrine as to common-law offenses has been recognized, and amongst them the following may be cited appropriately: Mifflin v. Commonwealth, 5 W. & S. 461 ; Commonwealth v. McHale, 97 Pa. 397 ; Commonwealth v. Young, 16 Pa. Superior Ct. 317 ; Commonwealth v. Brown, 23 Pa. Super-

ior Ct. 470. Our conclusion is, that it would have been error to affirm the defendant's first and second points, and that the instructions of the court in answer to the fourth point were warranted by the evidence, and were as favorable to the defendant as he had a right to ask. Some comment was made in the argument as to the extraordinary circumstances under which this and the preceding case were tried, but so far as the record shows the defendant was fairly tried. The charge of the learned judge, as well as the instructions which he gave to the jury before the testimony was taken, were well calculated to remove from the minds of the jury any bias which popular excitement might have created. The court was very careful to protect the defendant in all of his rights, and we find no ground upon which a reversal of the judgment properly could be placed. .

The judgment is affirmed, and it is ordered that the appellant forthwith appear in the court below and by said court be committed for the term of his imprisonment which had not expired at the time the appeal was made a supersedeas.

*Criminal law—Extortion—Public officers—Police captain—Bribery.*

