Commonwealth of Pa. *v.* Fickes, Appellant.

Argued March 17, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*James G. Glessner,* and with him *J. Thurman Atkins* and *Robert W. Kinzie,* for appellant.

*Ralph F. Fisher,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., May 4, 1932:

W. W. Fickes, constable of the third ward of the City of York, was convicted and sentenced under an indictment found at No. 15, October Sessions, 1931, of the court below, charging him with having unlawfully received and taken, by color of his office, the sum of $150 from one A. Cucuzella. He was also convicted and sentenced under another indictment found at No. 16, October Sessions, 1931, charging him with having similarly obtained the sum of $525 from one Charles Ragusa. The cases were tried together and we now have his separate appeals from the sentences. The indictments were drawn under Section 12 of the Act of March 31, 1860, P. L. 382, 387, and the substantial charge, as disclosed by the evidence for the Commonwealth, was that appellant, through the assertion and use of his official authority as a cover and pretense, induced Cucuzella and Ragusa to pay him the sums specified in the indictments for the exercise by him of his official influence in enabling them to escape the punishment provided by law for certain criminal offenses with which they were then charged and in the prosecution of which he had certain official duties to perform. It was not, and indeed could not be, contended that the evidence in behalf of the Commonwealth, if believed, was not sufficient to establish the guilt of appellant of the crime of extortion, at least at common law: Com. v. Wilson, 30 Pa. Superior Ct. 26; Com. v. Nathan, 93 Pa. Superior Ct. 193; Com. v. DeGrange, 97 Pa. Superior Ct. 181.

Detailed reference to the testimony would serve no good purpose. It is sufficient to say there was evidence from which a jury could find, beyond a reasonable doubt, these material facts: An information was made before an alderman, with whose office appellant was connected, charging Alphonso Cucuzella and his wife with the unlawful sale and possession of intoxicating liquor for beverage purposes and at the same time a separate information was made against Charles Ragusa on a like charge. Warrants, addressed to appellant, were issued; the defendants were arrested and hearings and postponed hearings had before the alderman; Cucuzella's wife was discharged but he and Ragusa were placed under bail for trial at the next term of court. At the instance of Cucuzella and Ragusa, one of their fellow countrymen, Dominic Campanella, approached appellant for the purpose of ascertaining whether "anything could be done" for them; after some negotiations with respect to amounts, appellant demanded and Campanella paid him $150 of Cucuzella's money and $525 belonging to Ragusa upon the representation by appellant that he would use his official influence to have a nolle prosequi entered in each case. There was evidence that appellant endeavored to carry out his undertaking but failed.

The only assignment meriting discussion is the first: it is therein charged that the trial judge erred in permitting the indictments to be amended by inserting the phrase "constable of the third ward of the City of York" as a specific designation of appellant's office. The indictments as found charged that appellant "did wilfully and fraudulently receive and take by color of his respective office" the moneys above mentioned. They were defective by reason of the failure of the district attorney to specify with particularity the office appellant was exercising at the time of the alleged extortion. When the defendant was arraigned his counsel did not move to quash either indictment. After

appellant had pleaded the general issue and the jury had been sworn, and while the alderman before whom the informations were made was on the stand, the district attorney offered to prove by him that appellant had been given charge, as constable, of certain search warrants as well as the warrants under which Cucuzella and his wife and Ragusa had been arrested. The offer was objected to upon the ground that the indictments did not charge that appellant was "a constable or any other officer of the Commonwealth." Over the objection of counsel for appellant the trial judge granted the motion of the district attorney to amend each indictment in the manner above indicated. We think the amendments were properly allowed. Section 11 of the Act of March 31, 1860, P. L. 427, 433, provides, inter alia: "Every objection to any indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer, or on motion to quash such indictment, before the jury shall be sworn, and not afterward; and every court, before whom any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, by the clerk or other officer of the court, and thereupon the trial shall proceed as if no such defect appeared."

In our opinion the omission of the exact designation of appellant's office was a formal defect apparent on the face of the indictments. He was not prejudiced in any way by the allowance of the amendments, nor was his defense on the merits affected in any manner thereby. Under the indictments, as originally drawn, he knew he was called upon to answer the charge that by color of his office he had unlawfully obtained specified sums of money from Cucuzella and Ragusa and he also knew the office therein referred to was that of constable. The allowance of the amendments was within the discretion of the trial judge: Rough v. Com., 78

Pa. 495; Com. v. Faulknier et al., 89 Pa. Superior Ct. 454; Com. v. Hazlett, 14 Pa. Superior Ct. 352.

If counsel for appellant deemed additional instructions, relative to the manner in which the jury should consider the evidence of an alleged accomplice necessary or advisable, they should have requested them when the trial judge at the conclusion of his charge asked, "Is there anything counsel have to say?" Moreover, it is not at all clear that Campanella, the "go-between," was an accomplice of appellant; on the contrary, the evidence indicates that throughout all the transactions he acted as the representative and agent of Cucuzella and Ragusa.

We have considered the assignments to various portions of the charge. In our opinion, appellant has no ground for any just criticism; in some particulars it was more favorable to him than he had reason to expect under the evidence.

The judgments are severally affirmed and the record remitted to the court below and it is ordered that appellant appear therein at such time as he may be there called and that he be by that court committed until he has complied with the sentences or any part thereof which had not been performed at the time orders of supersedeas were granted.