**UNITED STATES of America**

v.

**Charles A. D'AMATO, a/k/a "Chazzo" et al.**

**Appeal of Richard MANNETTA a/k/a "Ritchie".**

Crim. No. 18532.

United States Court of Appeals
Third Circuit.

Argued June 19, 1970.

Reargued Sept. 28, 1970.

Decided Nov. 25, 1970.

Robert F. Muse, Boston, Mass., for appellant.

Bruce A. Burns, U. S. Dept. of Justice, Organized Crime Section, Washington, D. C., Louis C. Bechtle, U. S. Atty. Philadelphia, Pa., Thomas H. Henderson, Jr., Atty., Dept. of Justice, Washington, D. C., for appellee.

Martha F. Alschuler, Philadelphia, Pa., for amicus curiae.

Before BIGGS, STALEY and ADAMS, Circuit Judges.

OPINION OF THE COURT

STALEY, Circuit Judge.

Appellant, Richard Mannetta, pleaded guilty in the district court to a charge

that he had violated 18 U.S.C. § 1952.[1] Prior to his guilty plea, appellant had moved to dismiss all charges against him on the grounds that § 1952 is un- constitutional and that it violates his right to due process as guaranteed by the Fifth Amendment. This motion was denied by the district court in an opinion and order dated January 8, 1970. When the appellant entered his guilty plea, he explicitly reserved the right to appeal the resultant conviction on the ground that § 1952 was unconstitutional. The Government, by its attorney, consented to the plea entered on this basis, and the district court, aware of the reservation of the right to appeal, accepted the plea. Appellant was sentenced to two years probation and a fine of $500.

No contention is made that appellant's guilty plea forecloses an attack on the constitutionality of § 1952. The parties have directed our attention to the Supreme Court's decision in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). The petitioner in *Haynes* had been convicted on a plea of guilty to knowing possession of a sawed-off shotgun that had not been registered as required by law. The petitioner had unsuccessfully challenged the constitutionality of the registration provisions before pleading guilty. In its opinion reversing the conviction, the Court noted that petitioner's plea of guilty did not waive his previous claim of unconstitutionality. Haynes v. United States, 390 U.S. at 87, n. 2, 88 S.Ct. 722. We are satisfied that the appellant

in the instant case is not precluded from attacking the constitutionality of the statute under which he was convicted.[2]

18 U.S.C. § 1952 prohibits the use of facilities in interstate commerce for the promotion of unlawful activity which is in violation of state law. The state laws involved in the instant case are the Pennsylvania anti-gambling statutes.[3]

Appellant contends that since the underlying charge is the violation of a state law, the defendant as a matter of due process has the right to challenge its legal enactment, its constitutionality under the state constitution, and its applicability to his specific conduct, and the right to raise special defenses recognized by the laws of Pennsylvania. The crux of appellant's argument is that these defenses are not available to him in a Federal court since it has no jurisdiction to consider state-law defenses, and thus he is denied due process of law.[4]

■ We do not agree with appellant's contention that the state law may only be challenged by him, and interpreted as to his conduct, in the state courts. He cites as authority the following cases: Powell v. Alabama, 287 U.S. 45, 52, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Quong Ham Wah Co. v. Industrial Accident Commission, 255 U.S. 445, 448, 41 S.Ct. 373, 65 L.Ed. 723 (1921); and Commercial Bank of Cincinnati v. Buckingham's Executors, 46 U.S. (5 How.) 317, 342, 12 L.Ed. 169 (1847). These cases are inapplicable. In each, the Supreme Court held that it had no authority to review

1. Appellant pleaded guilty to Count XV of the indictment charging a substantive violation of 18 U.S.C. §§ 1952 and 2. A separate count of the indictment charging appellant and others with conspiracy was dismissed as to appellant on motion of the United States Attorney.

2. The Court of Appeals for the Fifth Circuit had also held, in reviewing Haynes' conviction, that the guilty plea did not bar consideration of the constitutional claim. Haynes v. United States, 372 F. 2d 651, 652 (C.A.5, 1967). See also, United States v. Doyle, 348 F.2d 715, 719 (C.A.2), cert. denied, 382 U.S. 843, 86

S.Ct. 89, 15 L.Ed.2d 84 (1965), where the procedure utilized by appellant in the instant case was approved by the court, speaking through Judge Friendly.

3. 18 Purdon's Pa.Stat.Ann. §§ 4601 and 4607.

4. Although appellant argues that he would be precluded from raising state-law defenses, he does not here, nor did he in the district court, specify the defenses he wished to raise. We can find nothing in the record that indicates an attempt by appellant to assert any defense he had to the Pennsylvania anti-gambling statutes involved in the case.

or revise the construction given a state statute by the courts of that state. This limitation on the jurisdiction of the Supreme Court to review certain state court decisions does not represent a general limitation on the powers of the Federal courts to decide questions of state law. They have that power even though it is the state court that speaks with final authority on questions of state law. Murdock v. City of Memphis, 87 U.S. (20 Wall.) 590, 22 L.Ed. 429 (1875). "In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the Federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment." Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S. Ct. 7, 11, 88 L.Ed. 9 (1943). *Meredith* was a diversity action dismissed without prejudice by the court of appeals on the ground that decision of the case on the merits turned on questions of Florida constitutional and statutory law which the decisions of the Florida courts had left in a state of uncertainty. The Supreme Court noted that it had never hesitated "to decide questions of state law when necessary for the disposition of a case brought to it for decision, although the highest court of the state had not answered them, the answers were difficult, and the character of the answers which the highest state courts might ultimately give remained uncertain." 320 U.S. 228, 237, 64 S.Ct. 7, 12. This power to decide state-law questions is not limited to cases brought under the Federal court's diversity jurisdiction. In cases brought by virtue of their involvement with Federal questions, the court is not limited to the Federal questions but will decide all of the issues in the case including state-law questions.

Siler v. Louisville & N. R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909). Clearly then, there is no basis for appellant's assertion of general lack of power in the Federal courts to decide state-law questions.

■ There is, however, a more specific reason to reject appellant's contention that Federal jurisdictional limitations deny him due process of law by depriving him of certain defenses cognizable only in state courts. Appellant seems to assume that he is being tried in a Federal court for violating a state criminal law to which he might have a defense that he can raise only in a state court. It must be made clear that 18 U.S.C. § 1952 charges a Federal crime, and Federal courts are required to consider every element of the crime and every issue raised under each element. The law involved is Federal law, and all issues raised thereunder become Federal issues. If necessary to the resolution of a § 1952 case, a Federal court may interpret state law, but it does so as one step in the process of properly interpreting a Federal criminal statute. See, e. g., United States v. Wechsler, 392 F.2d 344 (C.A.4), cert. denied, 392 U.S. 932, 88 S.Ct. 2283, 20 L.Ed.2d 1389 (1968), where the Federal court was required to interpret the Virginia bribery statute in order to determine when the crime of bribery was completed under Virginia law. In United States v. Nardello, 393 U.S. 286, 89 S.Ct. 534, 21 L.Ed.2d 487 (1969), the Supreme Court made it clear that Federal enforcement of § 1952 is not bound by peculiar versions of state-law terminology. In *Nardello*, an indictment for violation of § 1952 was dismissed by the district court because of a Pennsylvania statutory distinction between extortion and blackmail.[5] The Court held that the inquiry is not the manner in which states classify their criminal prohibitions but whether the

5. The district court believed that the term "extortion" as used in § 1952(b)(2) was intended to "track closely the legal understanding under state law." It appeared that in Pennsylvania "extortion" required

that the accused be a public official and since the defendants in that case were not public officials, the indictment was dismissed.

particular state involved prohibits the extortionate activity charged. 393 U.S. 286, 295, 89 S.Ct. 534. The question of the indictment's sufficiency was treated as a Federal issue by the Court even though it was examining state law.

Appellant Mannetta was charged with violating Federal law by using an interstate facility with intent to promote and facilitate the promotion of an unlawful activity, gambling, in violation of the laws of Pennsylvania. If appellant had a defense or an element of a defense which is grounded on Pennsylvania law, he properly could have raised it and have had it considered by the district court even though it required an interpretation of Pennsylvania law. In doing so, however, the court would have been deciding questions of Federal criminal law in order to reach a conclusion regarding appellant's guilt or innocence of a Federal crime.

We conclude that appellant's contention that he would be denied due process of law in a prosecution for violating 18 U.S.C. § 1952 is without merit.

The court wishes to thank Martha F. Alschuler, Esquire, amicus curiae, for her able oral presentation and brief which were of great assistance to the court.

The order and judgment of the district court will be affirmed.