See also D.C., 343 F.Supp. 1033, 1045.

**UNITED STATES of America,
Plaintiff,**

v.

**J. Howard DEARDORFF et al.,
Defendants.**

**No. 71 Cr. 111.**

United States District Court,
S. D. New York.

Oct. 27, 1971.

Whitney North Seymour, Jr., U. S. Atty., by Andrew Maloney and John D. Gordon, III, Asst. U. S. Attys., New York City, for plaintiff.

Davis, Polk & Wardwell by Robert B. Fiske, Jr., Curtis, Mallet-Prevost, Colt & Mosle by Peter Fleming, Jr., New York City, for defendants.

MOTLEY, District Judge.

*Memorandum Opinion on Defense of
Extortion and Discovery of FBI
Files*

I.

Defendants are charged in Counts One through Four of a five-count indictment with violating 18 U.S.C. § 1952, the Travel Act, by using the facilities of

interstate commerce with intent to promote the commission of the offense of bribery, in violation of the laws of Pennsylvania, and thereafter carrying out that intent, and with conspiring to do the same.[1]

Defendant Kahn, as President and Chairman of the Board of Teleprompter Corporation, is alleged to have traveled to Johnstown, Pennsylvania, with the intent to offer a bribe to his codefendants, the Mayor of Johnstown and two city councilmen, and to have paid the bribe through the mails, in order to induce the Mayor and councilmen to grant a Johnstown cable television franchise to Teleprompter. The defense of defendants Kahn and Teleprompter is that the money in question was extorted from them by the Mayor and councilmen.

Defendants' theory is as follows. Where an offense is charged under 18 U.S.C. § 1952, under the subdivision making it a federal crime to use interstate facilities with intent to promote the commission of bribery in violation of *state* law,[2] the laws of that state determine what defenses defendants may raise to the "state offense element" of the federal crime. That is, if defendants have a defense under the laws of Pennsylvania to the "bribery under state law" element of the federal offense they cannot be held to have violated the Travel Act. Defendants contend that according to the laws of Pennsylvania extortion is a complete defense to bribery.

In pursuing their theory, Kahn and Teleprompter caused a subpoena duces tecum to be issued for all material in the files of the Pittsburgh, Pennsylvania office of the Federal Bureau of Investigation (which includes Johnstown within its jurisdiction) pertaining to all defendants. Their aim was to obtain evidence of a pattern of "shakedown" activity on the part of Tompkins from which it could be inferred that Tompkins had shaken down Kahn and Teleprompter. This evidence is said to be a key element in defendants Kahn and Teleprompter's defense that Mayor Tompkins and the city councilmen extorted the money in question.[3] They claim that under state law their codefendants alleged extortion of funds from them negates any intent to bribe in violation of state law on the part of Kahn and Teleprompter.

The government opposed the discovery of any of the FBI material by defendants. It contended that, to its knowledge, the files contain no information relating to "shakedown" activity by Tompkins. Even if the files were found to contain such material, the government stated that it would oppose allowing defendants to inspect and use it on "policy grounds."[4] Also, it was the government's belief that evidence of "shakedown" activity by Tompkins in other contexts than the one in issue in this case would be inadmissible because such evidence would introduce too many collateral issues into the trial. The govern-

---

1. 18 U.S.C. § 1952 provides, in part:
   (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
   . . . (3) . . . promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,
   and thereafter performs . . . any of the acts specified in [subparagraph] . . . (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
   (b) As used in this section "unlawful activity" means . . . (2)

. . . bribery . . . in violation of the laws of the State in which committed. . . .

2. See 18 U.S.C. § 1952(b) (2) quoted in fn. 1.

3. Despite the admitted importance of the questions raised by the subpoena duces tecum to defendants' defense they have submitted no memorandum on the issues involved.

4. The government elaborated on the reason for this, saying that if FBI files could be obtained by the defense for any prospective government witness, witnesses would be inhibited from testifying.

ment maintained further that even if extortion could be proved in the situation involved in this case, it would not be a complete defense to bribery but would only go to the issue of Kahn and Teleprompter's wilfulness and intent.

The court ruled from the bench on the underlying question of the relevance of extortion by the alleged recipient of a bribe to a charge under subdivision (b) (2) of the Travel Act,[5] and on what evidence relating to extortionate activity by Tompkins and Deardorff would be admissible. The court stated that defendants had made no showing that extortion is a complete defense to bribery under Pennsylvania law,[6] but that whether defendants were victims of a shakedown would be relevant to the issue of defendants Kahn and Teleprompter's wilfulness and intent in paying the $15,000, these being elements of the crime of bribery that must be established by the government beyond a reasonable doubt. Thus, evidence of "shakedown" activity by Tompkins in the specific situation in issue in this case would be admissible on the elements of wilfulness and intent.

After an *in camera* inspection of the FBI material, the court ruled that under the above analysis none of it was relevant to any issue in the present case.[7]

## II.

The subdivision of the Travel Act whose violation is charged in the instant indictment makes the violation of state law an element of the federal offense. It has been held that state rules of practice and procedure are not binding on federal courts when applying this subdivision of the Travel Act, United States v. Corallo, 413 F.2d 1306, 1323 (2d Cir. 1969), and that state labels for particular offenses, or narrow interpretations of state statutes, will not restrict federal courts in applying it, United States v. Nardello, 393 U.S. 286, 89 S.Ct. 534, 21 L.Ed.2d 487 (1969);[8] see United States v. Kubacki, 237 F.Supp. 638, 643 (E.D.Pa.1965). However, United States v. D'Amato, 436 F.2d 52 (3d Cir. 1970), the case on the Travel Act most closely in point, hold that state defenses are available to a defendant charged with violation of the Travel Act, through violation of a state statute, on the state law elements of the federal offense.

Where state law is uncertain on a particular question, federal courts have the right to interpret state law in applying the Travel Act.

. . . [I]t has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment. Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943).

In *Winter Haven* the Supreme Court stated that it had never hesitated:

. . . to decide questions of state law when necessary for the disposi-

---

5. See fn. 1.

6. Defendants cite no Pennsylvania cases directly on this point.

7. The court further ruled that there was no material obtainable by the defense under the rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in the FBI files produced. The material was sealed by the court for transmittal to the Second Circuit Court of Appeals in the event of an appeal by defendants.

8. In *Nardello*, extortion was the state offense charged under the Travel Act. According to the laws of Pennsylvania, the state in issue, extortion could only be committed by a public official, whereas the same act committed by a private individual was a violation of the state blackmail statute. The Travel Act refers to extortion and bribery as the only state offenses whose commission is within its purview. The Supreme Court held that the federal courts need not be bound by "peculiar versions of state terminology," 393 U.S. at 293–295, 89 S.Ct. 534, so long as state law prohibited the type of conduct in question.

**1050**

tion of a case brought to it for decision, although the highest court of the state had not answered them, the answers were difficult, and the character of the answers which the highest state courts might give remained uncertain. 320 U.S. at 237, 64 S.Ct. at 12.

*D'Amato* held that:

This power to decide state-law questions is not limited to cases brought under the Federal court's diversity jurisdiction. In cases brought by virtue of their involvement with Federal questions, the court is not limited to the Federal questions but will decide all of the issues in the case including state-law questions. (citation omitted) 436 F.2d at 54.

See also United States v. Wechsler, 392 F.2d 344 (4th Cir. 1968), 408 F.2d 1184 (4th Cir. 1969) (en banc, per curiam), cert. denied, 392 U.S. 932, 88 S.Ct. 2283, 20 L.Ed.2d 1389 (1969);[9] United States v. Keresty, 323 F.Supp. 230 (W.D.Pa.1971).

Pennsylvania law is, at best, vague on the question of whether extortion is a complete defense to bribery. There are no cases directly on that point, although several cases indicate that the circumstances surrounding the giving of a bribe are considered to be relevant on the issue of the intent of the person giving the bribe. Commonwealth v. Francis, 201 Pa.Super. 313, 191 A.2d 884, 890 (1963); Commonwealth v. Friedman, 193 Pa.Super. 640, 165 A.2d 678, 681 (1960); Commonwealth v. Wilson, 30 Pa.Super. 26, 29–30 (1909).

■ This court finds that, under Pennsylvania law, extortionate activity on the part of the recipient of a bribe, in connection with the particular bribe charged, is relevant and admissible on the issue of the intent of the person offering the bribe, but is not a complete

defense as insanity or duress would be. This would appear to be the rule under federal law as well. See United States v. Barash, 365 F.2d 395, 401–402, 403 (2d Cir. 1966), and cases cited therein.

---

9. In *Wechsler*, the Court interpreted the Virginia bribery statute to determine

when the act of bribery could be considered to be completed under state law.