## Commonwealth v. Dufur

*Richard M. Mohler*, for Commonwealth.
*John B. Schaner*, for defendant.

ZIEGLER, *P.J.*, September 22, 1976—Before the court is an application to amend information pursuant to Rule of Criminal Procedure 229.

On August 23, 1976, the district attorney filed a two count information charging that defendant "did intentionally, knowingly, recklessly and/or negligently cause the death of another human being . . . " This language, derived verbatim from section 2501(a) of The Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §2501(a), is also contained in the second count with respect to death of a

second person. On September 1, 1976, the district attorney filed said application for leave to charge by two separate counts that defendant "did feloniously, wilfully, intentionally and of his malice aforethought kill and murder and cause the death of another human being . . . " Such language is in accord with section 20 of the Act of March 31, 1860, P.L. 427, 19 P.S. §351, which prescribes a sufficient form of indictment for murder and manslaughter.

Pa.R.Crim.P. 229 provides that the court may allow an information to be amended when there is a defect in the description of the offense "provided the information as amended does not charge an additional or different offense." Generally, an indictment or information may be amended so long as the amendment cannot mislead or prejudice defendant: Com. v. Fickes, 105 Pa. Superior Ct. 199, 160 Atl. 142 (1932). The best test of whether an accused is prejudiced by the amendment has been said to be whether or not a defense under the original indictment (or information) would be equally available after the amendment is made and whether or not any evidence the accused might have would be equally applicable after amendment: Com. v. Myers, 10 Lebanon 327, remanded, 213 Pa. Superior Ct. 153, 245 A. 2d 476 (1968); 42 C.J.S. §240, 1249, 1250.

If the district attorney's amended information can be interpreted as charging an additional or different offense, the application must be denied. This is conceivable only if the information is read as not including the charge of murder. Although the caption in the original information charges two counts of criminal homicide, nowhere in the information do we find the traditional language of "malice

aforethought" or "murder." See Com. v. Musto, 348 Pa. 300, 35 A. 2d 307 (1944). Without these words, the original information might be read as charging only voluntary and/or involuntary manslaughter.

However, the information also contains the citation of the statute and section under which defendant is charged pursuant to Pa.R.Crim.P. 225(c). That citation is section 2501 of The Crimes Code, 18 C.P.S.A. §2501(b). Included in that section are the classifications of criminal homicide which includes murder. This reference to section 2501 was sufficient to notify defendant that he was being charged with murder and to enable him to prepare any defense available to him. The right of an accused in a criminal prosecution to be informed of the nature and cause of the accusation against him, guaranteed by the Sixth Amendment to the Federal Constitution and Article I, §9 of the Pennsylvania Constitution, has not been abridged.

As the information was sufficient to include the charge of murder, the proposed language does not charge an additional or different offense.

## ORDER

Now, September 22, 1976, the district attorney is granted leave to file an amended information utilizing language set forth in the foregoing opinion.