## Deitrich, Appellant, *v.* Kettering.

*Evidence—Offer for specific purpose—Vicious dog—Animals.*

A party cannot offer evidence for a specific purpose and complain when it is rejected that it was legitimate for another and distinct purpose.

Where in an action of trespass to recover damages for injuries sustained by the bite of a dog, the trial court struck out testimony which was admitted under a specific offer to prove that the dog attacked a witness before the plaintiff was bitten and of this the defendant had notice, the plaintiff cannot in the Supreme Court maintain that the testimony was admissible to show the general behavior of the dog.

Argued Feb. 14, 1905. Appeal, No. 210, Jan. T., 1905, by plaintiff, from judgment of C. P. Lebanon Co., Sept. T., 1901, No. 116, on verdict for defendant in case of Cyrus Deitrich v. Jacob Kettering. Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries sustained by the bite of a dog alleged to have been vicious.

At the trial when Charles Kratzer, a witness for plaintiff, was on the stand, he was asked this question:

Mr. Ulrich: We desire to prove with this witness that the dog attacked him, and that he brought notice home to Mr. Kettering.

Mr. Capp: Objected because it does not state when it was.

Mr. Ulrich: Before this injury the attack upon Mr. Deitrich—

The Court : Proceed.

" Q. Mr. Kratzer, did this dog attack you or attempt to attack you at any time ?   A. No, sir, he did not; not outside of the fence.   He many a time jumped up at the fence that I passed, and barked loud, but not outside ; that is, he never took hold of me.   Q. Was Mr. Kettering there at the time ?   A. Been in the yard different times ; yes, sir.   Q. When the dog growled at you and jumped at you ?   A. Yes, sir.   That is, understand, not at me ; he was inside of the fence, and I was out."

Cross-examination by Mr. Capp : " Q. Tell us in your own way what the dog did when you went by the place.   A. Oh, well, he jumped up at the fence, you know, and reached outside of the fence and barked, you know, as though he was in the act of getting hold of me ; but he never did, understand ; I was outside and he was in.   Q. He was a young dog, wasn't he ?   A. I don't know how old he was.   He was grown out, I think, because he was a dog very near as high as these boxes here.   I judged him to be grown' out, and probably two or three or four years old.   Q. He did not jump up against the fence in such a way as to make an effort to break through ?   A. I would rather say it was.   I think if the fence had been frail, and it would not have stood the jumping against, I think he would have come out and got at me ; I think he would.   Q. How often did this occur ?   A. I don't know.   It occurred repeatedly.   I passed there often.   I would not say how often it occurred.   Q. Where was Mr. Kettering ?   A. Sometimes he was in the yard ; he ain't always there.   Q. Relate to us an occurrence that Mr. Kettering was in the yard.   Relate to us one occurrence that Mr. Kettering was there.   A. I could not just tell you the time, you know, but I know that he had often been in his yard ; probably sitting on the back porch or standing in the yard that the dog jumped up against the fence when I passed ; I could not exactly tell when.   Q. Relate to us one occurrence that Mr. Kettering was there, and tell us what the dog did at that time.   A. I know at one time that he was sitting on the back porch, the dog was laying in the yard close by the fence, probably three feet near the fence, and the dog jumped up at the fence ; of course, I walked on ; he did not hurt me.   Q. How high was this fence ?   A. Oh, well,

probably four feet high. Q. What kind of a fence was it? A. An iron fence. Q. What is the size of the dog? A. Well, the dog may measure— Q. An ordinary shepherd dog, isn't it? A. Well, I think he was a little larger than the ordinary shepherd dog; he may measure probably two feet and a half; I don't know; I never measured him; but he is larger than the ordinary shepherd dog. Q. That is the only occurrence that you say Mr. Kettering was on the porch? A. Yes. Q. When was that, Mr. Kratzer? A. I didn't keep a date. Q. Which one of these occurrences were prior to the time that Deitrich was bitten, if any? A. I could not tell you that. Q. Then you could not tell whether this occurred before or after the accident to Deitrich? A. I could not; no, sir."

Redirect examination by Mr. Ulrich : " Q. Don't you know whether this occurred before or after Mr. Deitrich's accident? A. No, sir; I don't know. I am not positive whether it was before or afterwards. Q. This accident occurred this last July a year ago, that was 1901? A. Yes; I remember the time the accident occurred, but I would not say; I didn't keep a note, you know, whether this was before or afterwards."

Mr. Capp : I move to strike out this testimony as not conforming to the offer, in this that the witness cannot state whether these occurrences were before or after Deitrich complains of.

The Court : We will permit this testimony to stand for the present. Exception to the defendant. We may rule on it later on in the case, however, definitely.

After the testimony was closed the court ruled as follows :

We will allow the motion which was made as to the striking out the testimony of Charles Kratzer. Exception to the plaintiff.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was ruling on evidence as above, quoting the bill of exceptions.

*George B. Woomer*, with him *George B. Ulrich*, for appellant, cited : Mann v. Weiand, 81* Pa. 243 ; McConnell v. Lloyd, 9 Pa. Superior Ct. 25 ; Todd v. Inhabitants of Rowley, 90

Mass. 51; Maggi v. Cutts, 123 Mass. 535; Kennon v. Gilmer, 131 U. S. 22 (9 Sup. Ct. Repr. 696); Zartman v. Spangler, 21 Pa. Superior Ct. 647.

*Thomas H. Capp,* with him *Grant Weidman,* for appellee, cited: Mann v. Weiand, 81* Pa. 243; Snyder v. Patterson, 161 Pa. 98; Sylvester v. Maag, 155 Pa. 225; Gaines v. Com., 50 Pa. 319; Young v. Edwards, 72 Pa. 257.

PER CURIAM, June 22, 1905:

This action was to recover damages for an injury caused by the bite of a vicious dog. The only assignment of error is to the order of the court striking out testimony which was admitted under a specific offer to prove that the dog attacked the witness before the plaintiff was bitten, and that of this the defendant had notice. The witness was unable to fix the time of the occurrence, and the testimony did not come up to the offer under which it was admitted. To the argument now made that the testimony was admissible to show the general behavior of the dog, it is a sufficient answer that it was not offered for that purpose. "A party cannot offer evidence for a specific purpose and complain when it is rejected that it was legitimate for another and distinct purpose:" Young v. Edwards, 72 Pa. 257.

The judgment is affirmed.