## Commonwealth *v.* Norris, Appellant.

*Criminal law—Extortion at common law—Indictment—Sufficiency—Evidence.*

Extortion at common law is the unlawful taking by any officer, by color of his office, of any money or thing of value that is not due him, or more than is due, or before it is due.

Syllabus—Assignments of Error.    [87 Pa. Superior Ct.

Every indictment for a common law offense shall be deemed and adjudged sufficient and good in law, if it charges the crime so plainly that the nature of the offense charged may be easily understood by the jury.

Where a count in an indictment does not charge a statutory offense, yet, but for the words "contrary to the form of the Act of Assembly in such case made and provided," is a well drawn count for a common law offense, those words may be rejected as surplusage.

In the trial of an indictment for extortion, it appeared that the defendant, as Chief of Police, arrested one, Lipovitz and placed him in the Borough lock-up. It further appeared according to the testimony of Lipovitz, that while he was in confinement, the defendant came to his cell in the night and demanded and received $40 for securing his release. Under such circumstances the evidence was sufficient to sustain a conviction of extortion at common law.

Argued October 22, 1925. Appeal No. 3, March T., 1926, by defendant from judgment of Q. S. of Cameron County, on verdict of guilty in the case of Commonwealth of Pennsylvania v. John W. Norris. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for extortion at common law. Before GRAFF, P. J. 33rd Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* among others were various rulings on evidence and refusal of the defendant's motion to quash the indictment.

*S. Y. Rossiter* and with him, *T. P. Dunn,* for appellant.

*Charles J. Margiotti,* special assistant to District Attorney, and with him, *Fred A. Johnson,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., December 14, 1925:

Appellant was indicted and convicted in the court below of the offense of extortion. He complains upon this appeal that the conviction cannot stand because: 1. The indictment should have been quashed; 2. the evidence is insufficient to sustain the conviction; 3. there were errors committed in excluding certain evidence.

1. The first count in the indictment, which was the only count on which appellant was convicted, charged that he "being then and there an officer of this Commonwealth, to wit, Chief of Police of the Borough of Emporium in said County, did extort money and did wilfully and fraudulently, receive and take a reward or fee, to wit, the sum of Sixty ($60) Dollars, lawful money of the United States, from one Frank Lipovitz, the same not being allowed or sanctioned by an Act or Acts of Assembly of this Commonwealth, and did unlawfully and wilfully and fraudulently receive and take the said sum of Sixty ($60) Dollars, lawful money as aforesaid, by color of his said office as Chief of Police, all of which acts and things by the said John W. Norris then and there being contrary to the form of the Act of Assembly in such case made and provided for and against the peace and dignity of the Commonwealth of Pennsylvania." It is conceded that appellant was Chief of Police of the Borough of Emporium. While such an officer could not be convicted under Section 12 of the Act of March 31, 1860, P. L. 387, because he was not such an officer as comes within its provisions, it does not follow that he could not be convicted of extortion under an indictment charging extortion at common law: Com. v. Saulsbury, 152 Pa. 554. The question, therefore, is whether the count, the material parts of which have been quoted, charges extortion at common law. The Supreme Court said in the Saulsbury case that ex-

tortion at common law is the unlawful taking by any officer, by color of his office, of any money or thing of value that is not due him, or more than is due, or before it is due. This Court held in Com. v. Wilson, 30 Pa. Superior Ct. 26, 31, that where the conduct of a captain of police is tantamount to the assertion and use of his official authority as a cover for an act whereby he obtains a pecuniary reward to which he is not entitled, the officer may be convicted of extortion at common law. It is very clear that the indictment charged appellant with the illegal taking of money under color of his office. Under all the authorities this is sufficient to sustain an indictment at common law. He had fair notice of the charge he must meet. The rule is that every indictment for a common law offense shall be deemed and adjudged sufficient and good in law, if it charges the crime so plainly that the nature of the offense charged may be easily understood by the jury (see Act of March 31, 1860, Section 11, P. L. 427.) Criminal pleading is no longer the technical thing it once was and courts look more to substantial justice than to artificial nicety: Com. v. Keenan and Clark, 67 Pa. 203. This Court said in Com. v. Richardson, 42 Pa. Superior Ct. 337, 342: "Where a count in an indictment does not charge a statutory offense, yet, but for the words 'contrary to the form of the act of the General Assembly in such case made and provided,' is a well drawn count for a common law offense, those words may be rejected as surplusage." We conclude that the indictment was sufficient and that it was not error to refuse to quash it.

2.    It is admitted that appellant as Chief of Police arrested one Frank Lipovitz upon suspicion of committing an assault upon a young girl, and that he placed Lipovitz in the borough lockup. Lipovitz testified that while he was in confinement appellant came

to his cell in the night and demanded and received from him $40 for securing his release. There was a sharp conflict in the evidence but, if the jury believed the witness, Lipovitz, as evidently they did, appellant undertook under color of his office as Chief of Police to sell Lipovitz his liberty and, as a consideration for his promise to secure that liberty, received $40. We all agree that the evidence was sufficient to sustain a conviction of extortion at common law.

3. Assignments of error numbers six to thirteen, inclusive, complain of the refusal of the learned trial judge to permit certain questions to be asked by defendant's counsel of certain of the Commonwealth's witnesses. The fourteenth and fifteenth assignments complain of the refusal to permit defendant to "lay before the jury just what his past life had been." None of the questions raised by these assignments were raised in the court below, and we might disregard them for that reason. We have considered all of them, however, and are satisfied that no reversible error was committed. The manner and extent of the learned trial judge's limitation of the cross-examination was well within the judicial discretion vested in him. Appellant was permitted to show that he was Sheriff of Cameron County from 1908 to 1911. We think he has no just cause to complain because the fuller latitude was not given him to describe his past life. The case was carefully and well tried by the presiding judge and fairly submitted to the jury.

All of the assignments of error are overruled, the judgment is affirmed and the record is remitted to the court below, and it is ordered that appellant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.