## Commonwealth *v.* DeGeorge, Appellant.

*Practice—Superior Court—Rules of Superior Court—Violation of—Rules 22 and 28.*

Assignments of error which violate the rules of the Superior Court will be dismissed.

An assignment of error which embraces more than one point or refers to more than one bill of exception or raises more than one distinct question violates Rule 22 and will be dismissed.

An assignment which fails to quote verbatim the motion or rule and the judgment of the court thereon, violates Rule 28 and will be dismissed.

*Criminal law—False pretenses—Motion for directed verdict—Assignments of error—Practice Q. S.*

Where in the trial of an indictment for obtaining money under false pretenses, the defendant did not rest upon the conclusion of the Commonwealth's case, it was not error for the trial court to refuse defendant's motion for a directed verdict.

Such refusal cannot be assigned for error in a criminal prosecution any more than the refusal to grant a non suit can be assigned for error in a civil case. If the defendant desired to raise the same question on appeal he should have renewed his motion after all the evidence was in.

Argued October 5, 1926. Appeal No. 160, October T., 1926, by defendant, from judgment of Q. S. Berks County, September Sessions, 1925, No. 68, in the case of Commonwealth of Pennsylvania v. S. G. DeGeorge. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Indictment for obtaining money under false pretenses.   Before SCHAEFFER, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned,* among others, was the refusal of the court to direct a verdict of not guilty.

*Paul H. Price,* for appellant.

*David F. Mauger, District Attorney,* and with him *Wilson S. Rothermel,* and *A. H. Rothermel, Assistant District Attorney,* for appellee.

PER CURIAM, November 9, 1926:

Appellant was convicted of obtaining money under false pretenses in circumstances which need not be stated in view of the conclusion reached by this court concerning the assignments of error. The first assignment violates Rule 28; the second violates Rule 22; both are therefore dismissed.

We may however say that the first is to the refusal to grant appellant's motion, made at the conclusion of the Commonwealth's case that the court direct the jury to find a verdict of not guilty. As defendant did not rest, the refusal of the motion was proper, but such refusal cannot be assigned for error in a criminal prosecution any more than the refusal to grant a non-suit can be assigned for error in a civil case. If defendant desired to raise the same question on appeal he should have renewed his motion after the evidence was all in; (cf. Wigmore, Evidence, vol. IV, sec. 2496); that was not done. The evidence discloses a clear dispute of fact which required that it be submitted to the jury.

The third assignment is to the refusal of a new trial; it is dismissed because the record discloses no abuse of discretion in refusing the motion.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.