## Commonwealth v. Faulknier et al., Appellant.

*Criminal law—Extortion—Conspiracy to extort—Separate trials.*

Where two persons are jointly indicted for conspiracy to extort, it is entirely within the discretion of the trial court to determine whether they shall be given separate trials.

Two indictments which, upon the face of the pleadings, charge separate and distinct felonies, (extortion and conspiracy to extort) may be tried before one jury. The propriety of trying two indictments of this character, before the same jury, is a matter in which the trial court is invested with discretion, and the ruling of that court will not be reversed, unless it is made clearly to appear that the rights of the defendants have been thereby prejudiced.

*Criminal law—Extortion—Indictments—Amendments—Act of Mar. 31, 1850, P. L. 433.*

In the trial of an indictment, charging the defendant, a constable, with fraudulently extorting money as fees, costs or bribe, in settle-

ment of a prosecution, it was not error for the trial court to permit the indictments to be amended, by striking out the words "or bribe." The indictments charged extortion and the striking out the words "or bribe" in no manner changed the defense.

*Criminal law—Burden of proof—Charge of court.*

In the trial of such indictments the court charged that "these defendants come into court presumed to be innocent, until they are proven to be guilty, by the Commonwealth beyond a reasonable doubt. A reasonable doubt is a real substantial doubt, that arises out of the evidence in the case." This instruction, although brief, was proper and imposed upon the Commonwealth, the duty of proving the defendant guilty beyond a reasonable doubt.

*Criminal law—Two or more defendants—Nol. pros. as to one.*

It is well settled that a nol. pros. against one of two or more defendants, is allowable.

*Criminal law—Conspiracy—Parties—Conviction—New trials—Suspension of judgment.*

It is enforced upon the Commonwealth, in every conspiracy case, however many defendants are charged, to prove that two or more are guilty.

Where two or more persons have been convicted of conspiracy, it is not possible to grant a new trial to one and not to the others. When several are prosecuted together, for a crime, with one or other limited number, only one cannot commit, like conspiracy or riot, and are taken and brought to trial, and on separate trials, verdicts go against a number incapable in law, of committing the crime, judgment against those found guilty, should be suspended, until the number necessary to the crime, are convicted, failing that those against whom verdicts have been found, should be discharged.

Argued October 5, 1926. Appeals Nos. 67, 68, 69, and 70, April T., 1927, from judgment of Q. S. Fayette County, September Sessions, 1925, Nos. 565, 568, 573 and 574, in the cases of Commonwealth of Pennsylvania v. A. C. Faulknier, and Commonwealth of Pennsylvania v. Edward K. Fiat, A. C. Faulknier and Grant Bowman. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Nos. 68 and 70 affirmed; Nos. 67 and 69 reversed.

Indictments for extortion and conspiracy to extort. Before GRAFF, P. J., 33rd Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdicts of guilty. Judgment of sentence was passed upon defendant, A. C. Faulknier. Subsequently, the court, upon motion, granted new trials to Edward K. Fiat and Grant Bowman. A. C. Faulknier appealed.

*Errors assigned,* among others, were to the charge of the court, the direction of a joint trial, the refusal of defendant's motion in arrest of judgment, the amendment of the indictment and the refusal of a new trial.

*E. C. Higbee,* for appellant.—It was error to try the two indictments before the same jury: Commonwealth v. Sonis, 81 Pa. Superior Ct. 205. The charge was inadequate: Commonwealth v. Gerade, 145 Pa. 289; Turner v. Commonwealth, 86 Pa. 54.

*A. E. Jones,* and with him *George Patterson* and *E. D. Brown,* for appellee, cited: Commonwealth v. Casey, 14 Pa. C. C. 389; Commonwealth v. Sonis and Sonis, 81 Pa. Superior Ct. 205; Commonwealth v. Wilson, 30 Pa. Superior Ct. 26; Commonwealth v. Kay, 14 Pa. Superior Ct. 376; Commonwealth v. Norris, 87 Pa. Superior Ct. 66.

OPINION BY TREXLER, J., December 10, 1926:

There are four appeals from four sentences all concurrent. There were two transactions and two cases arose out of each and counsel have designated them as the Lofstead and the Eppolito cases respectively.

In the Lofstead cases, one indictment charged Faulknier, the defendant, with extortion, the other indictment charged him and Bowman with conspiracy to extort. The two charges, as stated, arose out of the same occurrence and they were tried together.

The first objection we are to meet is that the appellant was wronged in being compelled to go to trial jointly with his co-conspirator. There can be no doubt that Bowman and Faulknier could be jointly tried on the conspiracy charge. We have held that: "When two persons are jointly indicted for the offenses with which we are now dealing, (conspiracy to burn, and a felonious attempt to burn a dwelling house), it is entirely within the discretion of the court below to determine whether they shall be given separate trials." Com. v. Sonis & Sonis, 81 Pa. Superior Ct. 210, and cases cited.

In Com. v. Danaleczk, 85 Pa. Superior Ct. 253, where there were two charges of rape, the offenses being committed at the same time and place, we said, "The propriety of trying two indictments of this character before the same jury is a matter in which the trial court is invested with discretion and the ruling of that court will not be reversed unless it is made clearly to appear that the rights of the defendants have been thereby prejudiced." The two charges against the defendant being properly joined in one trial, did the inclusion of Bowman in the conspiracy charge make the joint trial illegal? Bowman might have had cause to object since the trial of the two causes together made him a participant in the trial for extortion, a crime for which he was not indicted, but how did the inclusion of Bowman hurt Faulknier? If the defendant can show no injury from the fact that there was a joint trial, he requires no relief. The evidence adduced at the trial was pertinent in support of either charge. We think that this matter was within the sound discretion of the lower court.

2. In the extortion case, the indictment charged that Faulknier, being a Deputy Constable, did by virtue and color of his office fraudulently extort money from one Lofstead who was under arrest for violation of the liquor law, as fees, costs or bribe in settlement of

a prosecution. When the case was called for trial, in order to meet an objection of the defendant, the District Attorney asked the allowance of the court to strike out the words "or bribe." This was objected to on the part of the defendants, but the amendment was allowed. In allowing this amendment, the court was exercising the power granted by the Act of 31st of March, 1860, P. L. 433. The defendant was not thereby prejudiced. The indictment informed him as to the particular transaction in which the crime was alleged to have been committed and the striking out of the word "bribe" in no manner changed his defense. The motion to amend was justifiable in order to clarify the language used. The words which set out the gravamen of the offense were that the defendant did "extort, take and receive" certain moneys "as fees, costs or bribe." This was a charge of extortion and nothing else and the Commonwealth could have properly gone on to trial without the amendment. Com. v. Norris, 87 Pa. Superior Ct. 61.

3. The appellant claims that the charge of the Court was inadequate in not sufficiently presenting to the jury the burden of proof. The particular part of the charge complained of reads: "These defendants come into Court presumed to be innocent, until they are proven to be guilty by the Commonwealth beyond a reasonable doubt. A reasonable doubt is a real substantial doubt that arises out of the evidence in the case." The court then gave further instruction as to reasonable doubt. Concluding, the court asked, "Is there anything further?" To which counsel for defendant replied, "I think you neglected to charge them on the burden of proof," and the court replied, "I think I went into that rather fully. You must not have been listening." A reading of the above quoted part of the charge plainly shows that the Court imposed upon the Commonwealth the duty of proving the defendant guilty beyond a reasonable doubt. The instructions in

this regard were brief. If the defendant's counsel wished further elaboration, he should have asked for it. His remark to the court was no such request and the trial judge's remark indicated that it was not so understood.

In the Eppolito cases substantially the same objections are raised. In addition to the amendment of the indictment above considered, the Commonwealth was allowed to strike out the name of Fiat who was charged with extortion jointly with Faulknier and enter a nol. pros. as to him. The appellant objected. We see no valid reason to support this objection, and the practice is common. Our former President Judge RICE, when judge of the 11th District, held that a nol. pros. against one of two or more defendants was allowable. Com. v. Casey, 14 Pa. C. C. 389 and in 16 Corpus Juris 436, numerous authorities in support of the right are cited from various states and such practice is referred to as "well settled."

We conclude that the verdicts against appellant were valid, but we must reverse the judgments entered in the conspiracy cases for the reasons now stated.

Defendant was indicted for conspiracy with Fiat and Bowman. For cause which we need not discuss, the court granted a new trial to Fiat and Bowman and refused a new trial to Faulknier, the defendant. This was error. If upon retrial, Fiat and Bowman were acquitted, we would have the anomoly of one person being guilty of a conspiracy without any co-conspirator. There is no allegation that there were other parties involved in the crime. In every charge of this character, it is incumbent on the Commonwealth to prove two or more guilty. "It is enforced upon the Commonwealth in every conspiracy case, however many defendants are charged, to prove that two or more are guilty." Commonwealth v. Sanderson, 40 Pa. Superior Ct. 416. It is a well established principle of law that where two or more have been convicted of con-

spiracy, it is not possible to grant a new trial as to one and not to the others. This matter is fully discussed in the case of Com. v. McGowan, 2 Parsons, Select Equity Cases, 347. A number of cases in support of this doctrine are found in 12 C. J. 644. We cannot go outside of the record nor consider matters occurring subsequent to the judgments entered on the verdicts. As the facts are presented to us, two of these defendants had a new trial and the third was refused a new trial and was sentenced. A new trial should have been granted to all. If, however, at the retrial trial of the two co-defendants, whether past or future, a verdict of guilty has been or will be returned against one or both, such verdict and the one against the appellant are consistent and no violence is done to any principle of law. As to the course to be pursued, we have concluded to follow the method employed in Casper v. State, 47 Wis. 535, 2 N. W. 1117. We quote from the opinion in that case: "When several are prosecuted together for a crime with one or other limited number, only one cannot commit, like conspiracy or riot, and are taken and brought to trial and on the separate trials verdicts go against a number incapable in law of committing the crime, judgment against those found guilty should be suspended until the number necessary to the crime are convicted, failing that those against whom verdicts have been found should be discharged."

In Nos. 68 and 70, April Term, 1927 (the extortion cases) the following order is entered in each case. Judgment affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.

In Nos. 67 and 69 (the conspiracy cases) the following order is entered in each case. The judgment is re-

versed, the verdict to stand and the record is remitted so that the court may suspend the sentence until it is properly shown that one or more of the alleged co-conspirators have been adjudged guilty, when the defendant shall be again sentenced, failing such conviction, the defendant shall be discharged, unless otherwise legally detained.