## Commonwealth v. Ruff, Appellant.

*Criminal law—Conspiracy—Extortion—Evidence—Admissibility.*

In the trial of an indictment for conspiracy to defraud and extortion, it is proper to permit a witness in charge of a telephone, to testify about the calls in order to contradict testimony purporting to establish an alibi.

It is not error to refuse to withdraw a juror because the district attorney stated in opening a case, that he could prove that the district attorney's office had recommended the prosecution. It is proper, under the circumstances, for the district attorney to offer to prove that the prosecution was advised by his office, not as throwing any light on the guilt or innocence of the defendant, but for the purpose of deciding the question raised by the defendant's counsel as to who was the real prosecutor.

Affidavits made by witnesses of the Commonwealth, recanting their testimony given at the trial, are exceedingly unreliable, and it is the duty of the Court to deny a new trial where it is not satisfied that such testimony is true. Especially is this the case where the recantation involves a confession of perjury. Usually a new trial will not be granted where there is perjury on an immaterial issue nor generally where false testimony may be eliminated without depriving the verdict of sufficient evidentiary support.

Where a prosecuting officer is satisfied from his investigations that a higher grade of offense, cognate to the one returned by the committing magistrate, is properly chargeable against a defendant, he may draw the bill accordingly.

Argued October 17, 1927. Appeal No. 783, April T., 1928, by defendant from judgment of Q. S., Westmoreland County, August T., 1926, No. 532, in the case of Commonwealth of Pennsylvania v. Frank F. Ruff. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for conspiracy to defraud, extortion, etc. Before HARVEY, J., 18th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, in which sentences were passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, refusal to withdraw a juror because of remarks of the District Attorney, and the sentence of the court.

*James Gregg,* and with him *Curtis H. Gregg* and *Philip K. Shaner,* for appellant.

*John R. Keister,* District Attorney, and with him *Fred B. Trescher,* Assistant District Attorney, and *Charles J. Margiotti,* Special Counsel for the Commonwealth, for appellee.

OPINION BY TREXLER, J., March 2, 1928:

The defendants, Michael Early and Frank S. Ruff, Jr., were charged in six counts of the indictment with (1) conspiracy to defraud, (2) extortion by color of office, (3) intimidation and extortion of money, (4) conversion, (5) obstructing justice, (6) conspiracy to extort under color of office. They were found guilty on all six counts and were paroled for a period of two years.

An assignment of error is directed to the court allowing William Hugo, a clerk in the Pitcairn shops of the Pennsylvania Railroad Company, to tell about the use of the telephone on a certain day in April, 1926. The purpose of the Commonwealth in calling the witness was to contradict the assertion of Frank Ruff that on a certain day in April, 1926, he had a conversation over the telephone with Mike Brletic. The witness testified that he "answered the telephones at his place on April

29th in the afternoon and evening'' and ''I keep a record of all calls'' and that on the 29th, about 4 o'clock in the afternoon, there was an inquiry came in for Mike Brletic. He told the party that Mike was busy and the party at the other end of the line said, they needed him badly at the time; that the witness should call him later and have him call number 169, which was the office of Burgess Henderson of Trafford; that he called Mike to the 'phone about a half hour later and he received the reply from the other end of the line that the party that asked for Mike Brletic had gone. There was no cross-examination of the witness except to elicit the fact that he did not know with whom he had talked in every instance, but the fact nevertheless remains that he was the party who answered the telephones in the office in the afternoon and evening and that during that time Frank Ruff had no conversation over the telephone with Mike Brletic. We see no objection to the introduction of this testimony which was legitimate contradiction. If the defendants wished to establish that other persons had access to the telephones during the period to which the witness testified and that his knowledge of the situation was not inclusive enough, they should have cross-examined him further. His testimony sustains the inference that he was in exclusive charge.

The 2nd and 3rd assignments of error are directed to the alleged error of the court in refusing the offer of the appellants to prove that after a certain check for $60 was given, Mike Early, one of the defendants, took it before it was presented for payment to the witness on the stand and informed him that the payment of the first check had been refused and asked his advice as to what disposition he should make of the check, whether he should mail this check to Frank Ruff, his co-defendant, or present it for payment and that he had been advised by the witness that he had

better get the money as quickly as possible. This for the purpose of proving motive, intent or purpose of doing the particular thing in question and involved in this case, and for the further purpose of showing a lack of corrupt intent. The second offer presented in sur rebuttal was to prove that Mike Early had told the witness certain circumstances about the check being given to him and was in substance to the same effect as the offer already alluded to except that there was the added reason that it was to show that defendant's story was not a recent fabrication. The court, sustained an objection and in commenting upon this phase of the case, in its opinion, on the motion for a new trial states: ''The question of recent fabrication was not raised directly or by inference, as the court viewed it. The only thing the court could see in the offer was to try to establish the fact, by a prior consonant statement, that Mr. Early was acting for Mr. Ruff. Mr. Early was a competent witness in his own behalf, was examined as such, and testified before the jury, and was cross-examined by counsel for Commonwealth. Why then should he be permitted to prove that he had told the same story to another person out of court and in the absence of the prosecutor? The declarations of a party in his own behalf are not evidence. Clever v. Hilberry, 116 Pa. 438; Com. v. Kay, 14 Superior Ct. 376; Com. v. Brown, 23 Superior Ct. 470.'' Some latitude must be given to the lower court in such matters. The impeachment must plainly appear and must go to the credibility of the witness. Lyke v. L. V. R. R. Co., 236 Pa. 38. It will be noticed that there were two offers of this testimony. The first ruling of the court could be sustained for the reason that the offer made no reference to the subject of ''recent fabrication.'' The party cannot offer evidence for a specific purpose and if rejected afterwards allege it was competent for another and distinct subject. Deitrich v. Kettering, 212 Pa. 356. The second offer which re-

ferred to ''recent fabrication'' was presented in sur rebuttal. It does not appear to have been in answer to anything presented by the Commonwealth in rebuttal. Passing these technical objections, we agree with the lower court that there was nothing in the trial which gave the defendant the right to offer self-serving declarations; to prove that his story was contradicted will not suffice. Where inconsistent prior statements of defendant's are shown and the inference of guilt is sought to be drawn from his silence where it would have been natural for him to speak, or that in such case, he had been advised by counsel to remain silent in these instances, such statements of the defendant were allowed. The allowance seems to depend largely upon the circumstances of each case. The leading cases upon the subject are Lyke v. Lehigh Valley R. R., 236 Pa. 38, opinion by the present Chief Justice; Com. v. Kay, 14 Superior Ct. 376. We think the judge was right in rejecting the offer.

Two assignments are directed to the court's refusal to withdraw a juror at the request of the defendant when the district attorney in opening the case stated that he could prove that the district attorney's office recommended the prosecution. At the beginning of the trial, some question was raised as to whom Mr. Margiotti, who assisted in the prosecution was representing, and he stated that he had been employed by the citizens of Trafford to assist the district attorney. The question then was as to whose name ought to be put upon the indictment as prosecutor, apparently, so that in case of the failure to convict, the proper party might be held for the costs. This was followed by a statement attributed to the district attorney who opined for the Commonwealth that he could prove that the district attorney's office recommended the prosecution. We may note here that the words used by the district attorney were not put upon the record by the method established by the authorities. However, we

think that there was no occasion for the withdrawal of the juror and a continuance of the case, for the remark was not prejudicial. The purpose being to attribute the starting of the prosecution to others than the avowed prosecutors, it was proper under these circum-stances for the district attorney to offer to prove if required, as part of his case that the prosecution was advised by his office, not as throwing any light upon the guilt or innocence of the defendant, but for the purpose of deciding the question raised by the defend-ant's counsel as to who was the real prosecutor. The remark provoked by the exigencies of the case did not constitute error. Moreover, it is a matter of common knowledge that every criminal case usually passes the scrutiny of the district attorney and is submitted to the grand jury before it is tried, and the fact that it is in court, ready for trial, necessarily often involves the knowledge that both the district attorney and the grand jury were of opinion that there was sufficient evidence to require the defendant to go to trial.

The next assignment is to the refusal of the court to grant a new trial. Affidavits were submitted made by two witnesses of the Commonwealth recanting their testimony given at the trial. Counter affidavits filed on the part of the Commonwealth, flatly contradicted the deponents in certain statements made in the affi-davit. This was primarily a matter for the court and after a careful examination, the court concluded there was nothing in the matter to move it to grant a new trial. We cannot interfere in this matter unless there is a plain abuse of discretion. In 16 C. J., page 1188, section 2715, the law generally upon this subject is stated that "recanting testimony is exceedingly un-reliable and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. Especially (as in this case) is this true where the recantation involves a confession of perjury. Usually a new trial will not be granted because of

perjury on an immaterial issue or on a collateral issue, nor generally where the false testimony may be eliminated without depriving the verdict of sufficient evidentiary support." There is no form of proof so unreliable as recanting testimony. Com. v. Brady, 76 Pa. Superior Ct. 488; Com. v. De George, 89 Pa. Superior Ct. 188; Com. v. Mellon, 81 Pa. Superior Ct. 20.

The appellants contend that the statutory offense of extortion was not committed for the reason that the defendants do not come under the classes of officers enumerated in the 12th section of the act of the 31st of March, 1860, P. L. 387, that a chief of police and attorney at law are not officers referred to in that section. The argument is that the information charges extortion under the above section, but that the district attorney has charged them with the several offenses laid in the six counts and in one of them included the offense of intimidation and extortion under the Act of 1911, P. L. 833. That act applies to all whether public officers or not. The district attorney has a right to charge the commission of any crimes which are cognate to the one laid in the information, e. g., to the count of seduction, fornication and bastardy were added. Nicholson v. Com., 96 Pa. 503. This subject is referred to in Maginnis's Case, 269 Pa. 186, 195. "It is established law that, when a prosecuting officer is satisfied from his investigations that a higher grade of offense, cognate to the one returned by the committing magistrate, is properly chargeable against a defendant, he may draw the bill accordingly." This being so, it was not necessary that the defendants must come under the offices enumerated in the Act of 1860, section 12, for they as chief of police and attorney at law, were the subjects of such a charge under common law. Com. v. Norris, 87 Pa. Superior Ct. 61; Com. v. Saulsbury, 152 Pa. 554, 560. Even where the indictment charges a statutory offense and states "contrary to the form of the act of assembly in such case made and pro-

vided," it is a well drawn count for a common law offense and the above quoted words may be rejected as surplusage.  Com. v. Norris, supra.  See also Com. v. Faulknier, 89 Pa. Superior Ct. 454.  We are convinced that the offenses were properly laid in the indictment.  Any count of the indictment will sustain the verdict found and the sentence imposed.

All the assignments of error are overruled.  As to Frank S. Ruff, No. 783, April T., 1927, the judgment is affirmed.  A similar order as to Michael Early, in No. 782, April T., 1927, is directed to be entered.