Commonwealth *v.* Bernstine, Appellant.

Argued April 22, 1932.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*George J. Edwards, Jr.,* for appellant.—The defendant did nothing from which a criminal intent could be inferred.

The activities of Raul and Harkins may not be considered in this case.

The Superior Court, however, in sustaining the conviction of extortion, took into consideration all that Harkins said and did, which could not be evidence against Bernstine on a charge of extortion without first showing that Harkins was his representative or that they were acting in concert in the matter.

It was error to sanction the district attorney's statements of damaging matters as facts in questioning defendant's character witnesses.

*Franklin E. Barr*, Assistant District Attorney, with him *Charles F. Kelley*, District Attorney, for appellee. —The parts of Raul and Harkins were not essential to the extortion. Extortion is proved without them although they had a part in the chain of circumstances, and although their part may not make them conspirators.

The issuance of the warrants, which, though perfectly legal, constitute however in this case a malicious abuse of process, as they are used solely for the purpose of extorting money. Although there is a right of civil action for damages for malicious abuse of process, when the process is used to extort, the abuser becomes guilty of extortion under the Act of 1911: Mayer v. Walter, 64 Pa. 283; MacDonald v. Schroeder, 214 Pa. 411; Siegel v. Netherlands Co., 59 Pa. Superior Ct. 132; Sacchetti v. Sandt, 64 Pa. Superior Ct. 311.

PER CURIAM, June 30, 1932:

All the members of this court, with the exception of Justice MAXEY, who dissents (and Justice LINN, who did not sit in the argument), are of one mind that the judgment and order of the Superior Court in this case should be affirmed upon the record and for the reasons set forth in its opinion, reported in 103 Pa. Superior Ct. 518, and it is accordingly so ordered.

The judgment is affirmed and the record remitted that the sentence of the lower court be complied with.

Justice MAXEY dissents on the ground that the evidence does not justify the conviction of the defendant on the charge of extortion; he also holds that there was prejudicial error in the latitude allowed the district attorney in cross-examining defendant's character witnesses.