## Commonwealth v. Gettis

2

*George P. Williams, 3rd,* Assistant Deputy Attorney General, for Commonwealth.

*Harry Shapiro,* for defendant.

MILNER, J., September 26, 1949.—Defendant, Joseph Byron Gettis, Jr., an inspector in the office of the Fire Marshal of the City of Philadelphia, was tried before Judge Milner and a jury on an indictment charging him with extortion and found guilty. Defendant has filed motions for a new trial and for arrest of judgment which we are now considering. The reasons assigned by defendant in support of both motions are identical with the exception that defendant avers in his motion for a new trial, that the verdict was against the law and the evidence. For the reasons stated hereinafter we are of the opinion that the verdict was in accordance with the law and defendant was properly tried for the offense of extortion at common law. The verdict was in accordance with the overwhelming weight of the evidence as a cursory inspection of the notes of testimony will disclose.

The indictment contained 21 counts, each one of which relates to the offense of extortion, but on different occasions and in some instances with different participants. The case took over a week to try. Some 12 men engaged in the installation of fuel and gasoline tanks testified that defendant received various sums of money from them for the approval of the plans for the installation of tanks for which he had no authority to make a charge. In most cases the unauthorized charge collected by defendant, according to the testi-

mony of the witnesses, was based upon the capacity of the tank to be installed, at the rate of $10 per 1,000 gallons of capacity of the tank. Defendant denied he received any such payments. The trial judge directed a verdict of not guilty as to two of the counts and the jury found defendant not guilty on four other counts and guilty on the remaining 15 counts. . . .

Defendant also gives as a reason for his motions (no. 7 with respect to the motion for a new trial and no. 4 with respect to the motion for arrest of judgment) that the trial judge improperly allowed the indictment to be amended and that the trial under the amended indictment deprived defendant of fundamental and constitutional rights.

The indictment as originally drawn described defendant as "being a public officer of the said Commonwealth of Pennsylvania, to wit, Fire Marshal Inspector of the City of Philadelphia". Defendant raised no question as to the form of the indictment by motion to quash or by demurrer in advance of the trial and when he was arraigned on the first day of the trial on May 9, 1949, he entered a general plea of not guilty. Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 11, 19 PS §431, provides:

"Every objection to any indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer, or on motion to quash such indictment, before the jury shall be sworn, and not afterward; and every court, before whom any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, by the clerk or other officer of the court, and thereupon the trial shall proceed as if no such defect appeared."

At the opening of the session on May 10, 1949, which was after the jury had been selected, and the court and jury had started to hear the testimony, upon the Com-

monwealth's motion, the trial court allowed the indictment to be amended by striking out the word "public" where it appeared in each count prior to the phrase "officer of said Commonwealth of Pennsylvania". Defendant did not plead surprise nor move for a continuance. It is apparent, therefore, that defendant at all times knew that he was being charged with receiving money by color of his office as fire marshal inspector and that he was not in the slightest degree prejudiced in his defense by virtue of the allowance of the amendment. This being so there was no abuse of discretion upon the part of the trial court in allowing the amendment.

In Commonwealth v. Norris, 87 Pa. Superior Ct. 61 (1925), the indictment of which the bill of indictment in the case at bar is virtually a verbatim copy, defendant, a chief of police, was charged with extortion in an indictment describing him as "an officer of this Commonwealth, to wit, Chief of Police of the Borough of Emporium". Norris moved to quash the indictment on the ground that he was not an "officer of the Commonwealth" within the meaning of the Act of 1860, and his motion was overruled. The Superior Court affirmed a conviction of common-law extortion. . . .

It will be noted that Norris in the above case was not an "officer of the Commonwealth" within the meaning of the Criminal Code of March 31, 1860, P. L. 382, referred to in the above opinion and which was in force at the time of the decision. That act, section 12, provided that "If any justice, clerk, prothonotary, sheriff, coroner, constable or other officer of this commonwealth shall wilfully and fraudulently receive or take any reward or fee to execute and do his duty and office, but such as is or shall be allowed by some Act of Assembly", etc. is guilty of extortion, i.e., statutory extortion. Furthermore, in view of the provisions of the Criminal Procedure Act of March 31, 1860, P. L.

427, sec. 11, supra, Norris was in a much stronger procedural position than Gettis, inasmuch as the former objected to the form of indictment by a motion to quash, while the latter entered a plea of not guilty and went to trial without raising any objection as to the sufficiency of the pleadings.

To the same effect is Commonwealth v. Faulknier et al., 89 Pa. Superior Ct. 454 (1926), the relevant question in which, and the court's views upon the subject, were succinctly stated in the following passage in the opinion appearing at pages 457 and 458:

"2. In the extortion case, the indictment charged that Faulknier, being a Deputy Constable, did by virtue and color of his office fraudulently extort money from one Lofstead who was under arrest for violation of the liquor law, as fees, costs or bribe in settlement of a prosecution. When the case was called for trial, in order to meet an objection of the defendant, the District Attorney asked the allowance of the court to strike out the words 'or bribe'. This was objected to on the part of the defendants, but the amendment was allowed. In allowing this amendment, the court was exercising the power granted by the Act of 31st of March, 1860, P. L. 433. The defendant was not thereby prejudiced. The indictment informed him as to the particular transaction in which the crime was alleged to have been committed and the striking out of the word 'bribe' in no manner changed his defense. The motion to amend was justifiable in order to clarify the language used. The words which set out the gravamen of the offense were that the defendant did 'extort, take and receive' certain moneys 'as fees, costs, or bribe.' This was a charge of extortion and nothing else and the Commonwealth could have properly gone on to trial without the amendment. Com. v. Norris, 87 Pa. Superior Ct. 61."

In Commonwealth v. Fickes, 105 Pa. Superior Ct. 199 (1932), defendant, a constable, was charged with extorting money "by color of his respective office", the office not being set out. At the trial leave was granted to amend the indictment by inserting the phrase "constable of the third ward of the City of York" as a description of defendant's office. The Superior Court approved the action of the trial judge. . . .

In Commonwealth v. Neuman, 151 Pa. Superior Ct. 642 (1943), the Superior Court commented on the allowance of amendment to embezzlement indictments so as to charge the embezzlement of the proceeds of certain stock rather than the stock itself. . . .

We are of the opinion that the action of the trial judge in allowing the indictment to be amended as above set forth was not an abuse of his discretion and was in conformity with the settled law of this Commonwealth as set forth in the above-cited cases, and that as a matter of fact under the said decisions defendant would have had no valid reason for a new trial or arrest of judgment even had he been tried and convicted under the indictment as it was originally drawn, and that strictly speaking the amendment was not necessary, but in any event defendant was not deprived of any fundamental or constitutional rights and was in no way harmed or hampered in his trial by the allowance of the amendment. We therefore find no merit in this reason advanced by defendant in support of his motions.

Defendant's fifth reason for a new trial and his second in support of the motion for arrest of judgment are that: "The defendant, while acting as a fire marshal inspector, was not a public officer within the meaning of section 318 of the Act of June 24, 1939, P. L. 872, 18 PS §4318". This refers to the section of The Penal Code now in force defining the statutory crime of extortion. The section reads as follows:

"Whoever, being a public officer, wilfully and fraudulently receives or takes any reward or fee to execute and do his duty and office, except such as is or shall be allowed by some Act of Assembly, or receives or takes, by color of his office, any fee or reward whatever, not, or more than is, allowed by law, is guilty of extortion".

The provisions of this section were reënacted without change from the Act of March 31, 1860, P. L. 382, sec. 12, heretofore referred to, except that the words "public officer" were substituted for the words "justice, clerk, prothonotary, sheriff, coroner, constable or other officer of this commonwealth". The trial judge summarized the evidence bearing upon the status of defendant and was of the opinion that he was not a "public officer" within the meaning of the Act of 1939 but that he was subject to trial on the charge of common-law extortion. As stated above the indictment was amended by striking out the word "public" where it appeared in each count prior to the phrase "officer of said Commonwealth of Pennsylvania". Defendant thus stood charged with extortion under the common law and he was tried and convicted under the common-law charge of extortion and not as a "public officer" under the statute. It will thus be seen that the trial court ruled in accordance with the contention of defendant as set forth in the reason for his motions which we are now considering, to wit, that defendant was not a "public officer". We therefore are of the opinion that there is no merit in the defendant's reason for his motions. The indicia of a "public office" will be considered hereinafter in relation to the remaining contention of the defendant.

The remaining reason of defendant for his motions is that while he was acting as a fire marshal inspector he was "not an officer within the meaning of any common-law offense charged in the original indictment or in the indictment as amended." (See reason no. 6 in

support of his motion for a new trial and reason no. 3 in support of his motion for arrest of judgment.) In short, defendant maintains that not being a public officer he cannot be tried and convicted of extortion at common law. We are of the opinion that under the settled law of this Commonwealth there is no merit in defendant's contention.

The Act of June 8, 1911, P. L. 705, 53 PS §3591, established the office of fire marshal in the department of public safety in cities of the first class. This act provides for the appointment of the fire marshal and assistant fire marshal by the director of public safety. His duties are defined by the act and include, inter alia, the duty of inspecting buildings used for business, private and public purposes, and where combustibles are stored, and enforcing all laws relating to the same, and the act specifically provides that "no license shall be issued by the Mayor until approved by the Fire Marshal". The only place where fire marshal inspectors are mentioned in the act is in section 12 thereof, but the duties of such inspectors are not defined by the act. The authority for hiring fire marshal inspectors is contained in the Budget Ordinance of the City of Philadelphia of December 14, 1948. Under the Act of June 4, 1901, P. L. 361, and the Ordinances of the City of Philadelphia of April 2, 1901, page 118; December 30, 1916, page 699, and January 4, 1935, page 4, adopted thereunder, licenses or permits for the installation of high explosive equipment, gasoline and fuel oil tanks, etc., are granted by the mayor upon applications which must be first approved by the fire marshal, the fees for which are paid to the receiver of taxes through the mayor's office. No fee whatever is payable to the fire marshal. By ordinance of council the fee to be paid to the receiver of taxes for a license to install fuel oil and gasoline tanks is $5.50. Manifestly the fire marshal could not examine every installation of fuel and gaso-

line tanks and explosive equipment and therefore the city is divided into a number of districts and a fire marshal inspector is assigned to each district. Defendant was assigned to a district in the northeastern part of the city. It was his duty to examine the plans for the installation of tanks, equipment, etc., and the site of the installation and if they met with the requirements of law and regulations of the department as to safety, etc., to approve or disapprove the plans for the installation. His approval of the plans and report would be attached to the application for a permit which was then submitted to the fire marshal and he would note on the application his approval or attach thereto a slip with his approval, together with a notation of the name of the inspector who approved the plans. The applicant would then take the application to the receiver of taxes and pay the fee above mentioned and have the application stamped "paid" by the receiver of taxes and take it to the mayor's office for notation and it thereupon became a permit. It will be seen that defendant had an important ministerial duty to perform in relation to government affairs but did not have finality of decision. Witnesses for the Commonwealth testified to having given defendant, when they secured his approval of their plans for installations sums of money ranging from $15 to $250. It was testified by some of the witnesses that they were informed by Gettis that they pay at the rate of $10 per thousand gallons of capacity of their tanks in order to get the approval of the plans and that they paid him at that rate although some by bargaining made better deals.

From the cases in our appellate courts where the question has arisen as to whether a person is a "public officer" it will be seen that some of the tests of "public office" are:

1. Has there been a delegation of a portion of the sovereign power of the State?

2. Are the duties imposed on the incumbent of a grave and important character?

3. Are the duties imposed by statute?

4. Does the incumbent serve for a definite or fixed term?

5. Does he act under oath?

6. Does he give a bond for the faithful performance of his duties?

7. Does the incumbent have finality of decision within the scope of his duties?

See Foyle et al. v. Commonwealth et al., 101 Pa. Superior Ct. 412; Richie v. Philadelphia, 225 Pa. 511, 515; Finley v. McNair et al., 317 Pa. 278; Saar v. Hanlon et al., 163 Pa. Superior Ct. 143; Commonwealth ex rel. McCreary v. Major, 343 Pa. 355.

The term of office of defendant was not a definite one or one fixed by statute. He was appointed under the provisions of the civil service section of the Charter Act of the City of Philadelphia. He took a civil service examination and having passed the same was appointed by the director of public safety, subject to his removal by the director if just cause were found for his removal by the civil service commission. A portion of the sovereign power of the Commonwealth was not delegated to him and he did not have finality of decision. He could not approve applications for installation of tanks containing combustibles. The final decision was made in each case by the fire marshal after he had inspected the site and approved the plans. He did not take an oath of office or give a bond for the faithful performance of his duties. He was not a "public officer" within the meaning of section 318 of the Act of June 24, 1939, supra, but he was a ministerial officer employed by a municipal subdivision of the Commonwealth who performed a public function, was clothed with authority to approve plans for the installation of tanks containing combustible materials, and received his compensa-

tion from the subdivision of the Commonwealth. He found himself in a governmental position where he could extort money from private citizens having transactions with his department and the jury found that he yielded to the temptation on many occasions and did extort money from them.

In Commonwealth v. Saulsbury, 152 Pa. 554 (1893), a deputy constable of Manor Township, who was paid by private subscriptions and who was clothed with the powers of a policeman, was charged with extortion under an indictment drawn in accordance with the language of section 12 of the Act of March 31, 1860, P. L. 387, supra. At the trial, defendant presented a point for a directed verdict of not guilty on the ground that he was not an officer of the Commonwealth within the meaning of the act. This point was refused by the trial court and its action was held to be harmless error by the Supreme Court. . . .

Other examples of persons whose position of authority was sufficient to render them liable to prosecution for the offense of extortion at common law are Commonwealth v. Wilson (No. 1), 30 Pa. Superior Ct. 26 (1911), captain of police in the City of Allegheny; Commonwealth v. Channing, 55 Pa. Superior Ct. 510 (1914), coal and iron policeman paid by private coal company; Commonwealth v. Norris, 87 Pa. Superior Ct. 61 (1925), chief of police of the Borough of Emporium; Commonwealth v. Ruff, 92 Pa. Superior Ct. 530 (1927), chief of police and attorney-at-law; Commonwealth v. Fickes, 105 Pa. Superior Ct. 199 (1932), constable of the third ward of the City of York (dictum) ; Commonwealth v. Bernstine, 308 Pa. 394 (1932), attorney-at-law (dictum).

The Penal Code of June 24, 1939, P. L. 872, sec. 1101, 18 PS §5101, provides:

"Every offense now punishable either by the statute or common law of this Commonwealth and not spe-

cifically provided for by this act, shall continue to be an offense punishable as heretofore."

Although extortion as it is defined at common law was not specifically provided for in The Penal Code it is a part of common law of this Commonwealth and thus continues to be an offense punishable as heretofore. See Commonwealth v. Wilson (No. 1), 30 Pa. Superior Ct. 26, at pages 30, 31 and 32.

In the recent opinion of the Supreme Court in Commonwealth v. Bausewine, 354 Pa. 35 (1946), it was held that the Chief of Police of the Borough of Norristown, while not an "officer" of the Commonwealth within the meaning of section 303 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4303, relating to bribery, did occupy such a position as to be subject to indictment, trial and conviction, for bribery at common law.

In Commonwealth v. Ruff, 92 Pa. Superior Ct. 530 (1927), defendants, a chief of police and an attorney-at-law, were convicted of extortion and argued on appeal that they were not among the "officers" of the Commonwealth designated in section 12 of the Act of 1860 defining that offense. In affirming the convictions, the Superior Court said at pages 536 and 537:

"This being so, it was not necessary that the defendants must come under the offices enumerated in the Act of 1860, section 12, for they as chief of police and attorney at law, were the subjects of such a charge under common law. Com. v. Norris, 87 Pa. Superior Ct. 61; Com. v. Saulsbury, 152 Pa. 554, 560. Even where the indictment charges a statutory offense and states 'contrary to the form of the act of assembly in such case made and provided,' it is a well drawn count for a common law offense and the above quoted words may be rejected as surplusage. Com. v. Norris, supra, See also Com. v. Faulknier, 89 Pa. Superior Ct. 454."

Further, in Commonwealth v. Benedict et al., 114 Pa. Superior Ct. 183 (1934), defendant was charged with bribery for having paid money to an inspector for the Pennsylvania Alcohol Permit Board in an indictment containing the phrase "contrary to the Act of Assembly", and his demurrer to the indictment, on the ground that the inspector was not an "officer of the Commonwealth", or a "public officer" within the meaning of the statutes, was overruled by the trial court.

In affirming a judgment of conviction, the Superior Court ruled that defendant could be proceeded against at common law and that the indictment was good as drawn, . . .

This case, in our judgment was tried fairly and impartially. The only contention which counsel for defendant stressed at the argument for a new trial and in arrest of judgment was that the defendant was not subject to prosecution, trial and conviction on a charge of extortion at common law. We are of the opinion that he was a person of an official or quasi-official position who was subject to such prosecution, trial and conviction and that there is no merit in his contention in this respect.

Aside from the trial judge's ruling that defendant could be tried under the indictment as amended for the crime of extortion at common law and the allowance of the amendment of the indictment, the defendant voiced no complaint about any of the rulings of the trial judge or of the charge. The jury displayed fairness and discrimination in acquitting the defendant on some counts and convicting him on others, and thus revealed an understanding of the evidence and the law as explained to them by the court. With respect to those counts where the jury acquitted the defendant the Commonwealth's evidence was not sufficient, in our opinion, to overcome reasonable doubt of defendant's guilt of said counts, but with respect to the 15 counts

upon which he was found guilty, the verdict of the jury was inevitable and was based upon overwhelming testimony showing guilt upon the part of defendant.

For the reasons set forth above defendant's motions for a new trial and in arrest of judgment are refused and overruled.