## Commonwealth v. Slick

*Lawrence M. Klemow, Assistant District Attorney,* for Commonwealth.

*Thomas Munley,* for defendant.

TOOLE, *J.*, January 15, 1980—On May 29, 1979, William Anthony Slick (Slick), was arrested with a criminal complaint charging him with attempted arson and conspiracy to commit arson. A magistrate determined that a prima facie case was established at the preliminary hearing on July 18, 1979, and Slick was held for court.

The magistrate returned the transcript of the proceedings to the clerk of court on July 24, 1979. No apparent action was taken by the district attorney in this matter until an information was filed on November 13, 1979.[1] The information filed by the Commonwealth charged Slick not only with the two offenses listed in the complaint upon which he was arrested, but it contained an additional count charging arson.

---

1. Pa.R.Crim.P. 225(a) provides that the district attorney, upon receipt of a magistrate's transcript, shall either move to nolle prosequi the charges or shall proceed by preparing an information and filing it with the court of common pleas. If an information has not been filed within a reasonable time, a motion for dismissal may be appropriate under Pa.R.Crim.P. 315

Arraignment on the information was scheduled and held on November 19, 1979.[2] The Commonwealth advised Slick at the arraignment that trial was scheduled for November 26, 1979. After some discussion, the parties entered into a stipulation, a copy of which is in the file and made a part hereof.

Slick has now filed motions contesting the propriety of the procedure employed by the district attorney in this case. More particularly, Slick contends:

1. That the information is fatally defective and legally insufficient because of a variance between the charges laid in the complaint and those contained in the information.

2. That the scheduled trial date is in violation of his procedural rights to file pre-trial motions.

3. That the proceedings must be dismissed for failure to commence trial in accordance with Pa.R.Crim.P. 1100.

We agree with Slick that his rights have been disregarded and denied in this case, and we also conclude that the prosecution must be dismissed because of the Commonwealth's failure to comply with the mandate of Pa.R.Crim.P. 1100. Because of the importance of the issues involved, we note the reasons for our decision.

---

2. At the hearing on the instant motion, the Commonwealth exhibited to the court a notice of arraignment dated November 7, 1979. Slick's copy of the notice was dated November 13th or November 14th. We note in passing that if the Commonwealth's notice is correct, that it was mailed to defendant one week prior to the information being filed against him. Without deciding when the notice of arraignment was mailed, we would simply note that the better practice is not to mail notice of arraignment until after the information is formally filed.

The criminal complaint filed in this matter charged Slick with attempted arson and conspiracy to commit arson. The criminal complaint contained not only the language of the statute but cited the statutory sections which were involved. In drafting the information in this case, however, the district attorney added an additional offense, namely, arson. Slick contends that this variance is fatal. We agree.

Our courts have often held that an indictment is valid if it charges the commission of any crimes which are cognate to the one laid in the information: Com. v. Dunnick, 204 Pa. Superior Ct. 58, 61, 202 A. 2d 542 (1964).

A cognate offense is one not specifically charged in the complaint but whose elements are sufficiently described therein as to give notice to the accused that he may be indicted for it: Com. v. Perrino, 28 Somerset 212 (1973).

The courts have frequently declared that the Commonwealth is not bound by the technical charge laid against a defendant in a complaint, but may, if the facts warrant, charge the commission of any crime cognate to the one set forth in the complaint, even though it be of a higher grade: Com. v. Ruff, 92 Pa. Superior Ct. 530 (1928); Maginnis's Case, 269 Pa. 186, 195, 112 Atl. 555 (1921); Com. ex rel. v. Sherman, 72 D. & C. 66 (1950).

The offense of arson is legally distinguishable from the offense of attempted arson and conspiracy to commit arson. The elements of each offense are different and the difference is significant. We are satisfied that the offenses involved here are not cognate, and that under the circumstances, the district attorney was without authority to charge the additional offense of arson in the information.

There is no reason to permit the district attorney to add a count of arson at this point when under the criminal rules he could not add it by amendment. Thus, Pa.R.Crim.P. 229 provides: "The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, *provided the information as amended does not charge an additional or different offense.*" (Emphasis supplied.)

It is clear beyond question that the arson count in this case is an additional or different offense from those set forth in the complaint. Not only are the elements of the offenses different, but in the event of a conviction, defendant could receive an additional 20 years imprisonment on the arson charge. Certainly if an amendment is not permissible at this point in time, the district attorney should not be permitted to add such a count thereby avoiding all of the procedural rights attendant to criminal proceedings, i.e., complaint, arraignment, and preliminary hearing.

Slick also contends that the scheduling of his trial within seven days following arraignment was a denial or certainly prejudicial interference with his right to file pre-trial motions. The Commonwealth, on the other hand, contends that this scheduling in no way denied defendant of any rights but only required that he request an extension of time in which to file such motions. Once again, we agree with Slick.

The criminal procedural rules provide that every defendant in a criminal case may request a bill of particulars, pre-trial discovery and inspection or file other pertinent pre-trial motions. The rules specifically set forth the time in which a defendant

may file such motions. Under Rule 304 a defendant has seven days following arraignment to request a bill of particulars, and 14 days after arraignment under Rule 305 to request pre-trial discovery and inspection. All other motions for relief must be filed within 30 days after arraignment, pursuant to Rule 307. The practical, as well as the legal, effect of Pa.R.Crim.P. 307 is to prevent the Commonwealth from scheduling or certainly commencing a trial within 30 days of arraignment. A defendant in any criminal case has the right to request a bill of particulars, move for discovery or file an omnibus trial motion. The decision to move is defendant's, and he has the time specified in the rules to determine whether or not to exercise his rights and file such motions. The Commonwealth cannot, by scheduling trial within seven days following arraignment, force a defendant to request court approval to file motions under these rules. A defendant has no obligation or burden to request permission to file for relief under Pa.R.Crim.P. 304, 305 or 307.

The Commonwealth has also attempted in this case to avoid the limitation periods provided by Pa.R.Crim.P. 1100 by scheduling the trial within one week following arraignment. As noted, such a scheduling is in violation of the rules and it cannot be used by the Commonwealth as an excuse for an extension of time in which to commence trial. If the Commonwealth felt that additional time was necessary, it is required under Pa.R.Crim.P. 1100 to petition for an extension of time. This it did not do.

Pa.R.Crim.P. 1100 is a clear and unequivocal pronouncement to all district attorneys that prosecutions must be commenced within 180 days from

the date of issuance of the criminal complaint.[3] This means that all necessary pre-trial proceedings must be accomplished within the prescribed time period, including the periods provided in the criminal rules for the filing of pre-trial motions. The Commonwealth contends that such a construction affords them only 150 days rather than 180 days in which to bring defendant to trial. We disagree. The Commonwealth has 180 days from the date the complaint is issued, and it must keep in mind that it must accomplish all pre-trial proceedings within that period. If that cannot be accomplished even with due diligence, then the Commonwealth can and must request an extension of time.

In this case the Commonwealth recognized that the 180 days' time limit was about to expire, and in an apparent attempt to circumvent the provisions of the rule, scheduled trial for the following week. We feel this scheduling violated not only the letter, but the spirit of the rules. This case has been in the hands of the district attorney from July 13, 1979, and we neither see nor find any reason, cause or justification for the Commonwealth's delay in filing the information or, as noted, in adding the additional charge of arson. The record clearly establishes a want of due diligence on the part of the Commonwealth. We also note that we find no intelligent or voluntary waiver by Slick of any of his rights in this matter. The stipulation executed by Slick and his counsel was not intended as a waiver of rights, and we will not construe it as such.

Under the circumstances, trial of this case was

---

3. This, of course, assumes that no periods of time within this period have been excluded under the rule.

not commenced within the time period required by law. We feel, therefore, that under Pa.R.Crim.P. 1100(f), an order dismissing the charges with prejudice is not only warranted but necessary.

Accordingly, we enter the following

## ORDER

It is ordered, adjudged and decreed that the charges in the above captioned matter are dismissed with prejudice and defendant, William Anthony Slick, is discharged.

